263 So.2d 602 (1972)
Nelson RAMOS, Petitioner,
v.
The Honorable Roy H. AMIDON, As Judge of the Criminal Court of Record, in and for Polk County, Florida, Respondent.
No. 72-415.
District Court of Appeal of Florida, Second District.
June 14, 1972.
Rehearing Denied July 10, 1972.
*603 Lex Taylor, Lakeland, for petitioner.
Robert L. Shevin, Atty. Gen., Tallahassee, and P.A. Pacyna, Asst. Atty. Gen., Tampa, for respondent.
McNULTY, Judge.
This suggestion of prohibition seeks to bar the trial of petitioner for the crimes of robbery and possession of narcotics, and concerns the "speedy trial rule," Rule 3.191, R.Cr.P., 33 F.S.A. Petitioner contends the time for trying him on these charges has run and the court below should have granted his timely motion for discharge from the crimes. We have heretofore stayed the trial of this case pending disposition of this petition.
Petitioner specifically relies on section (a) (1) of the aforesaid speedy trial rule which requires a trial, without demand, within 180 days of the suspect's being taken into custody as a result of the conduct or criminal episode giving rise to the crime charged, unless such time is properly tolled pursuant to the rule. At first blush, this case seemed to have involved some complex problems of interpretation of several other sections of the rule because of violation of probation charges, involving prior offenses, which were pending against petitioner, and because of various circumstances concerning his arrest and custody in two counties involved, as will be gleaned from comments hereinafter. But the record before us, as supplemented pursuant to our request, shows that the above charges against petitioner do indeed fall within the purview of section (a) (1) of the rule and that petitioner is entitled to discharge.
The record is now clear that petitioner was taken into custody on the instant charges of robbery and possession of narcotics on October 13, 1971, in Polk County. On the same day, warrants for these crimes were served on petitioner, apparently while in custody in city jail in Lakeland. On the following day, petitioner was transferred to the Hillsborough County jail, at the request of the Hillsborough County Sheriff's Department, pursuant to a warrant outstanding there for over a year on the aforesaid charges of violation of probation. Upon such transfer, the latter warrant was executed. Subsequently, and while still in custody in Hillsborough County, there were a series of six continuances on the disposition of the violation of probation charges, the first being granted on December 30, 1971 and the last on March 3, 1972. These are the circumstances which first gave us pause. But it appears upon supplementation of the record that such continuances were granted at the request of petitioner's Hillsborough County counsel (the Public Defender) to abide disposition of the instant charges then pending in Polk County. Such requests were, of course, consistent with a desire for speedy trial on the latter charges and no showing is made that they in any way delayed prosecution of such charges or prevented prompt disposition thereof within the time required by the rule.
Subsequently, and finally, on March 4, 1972, petitioner was transferred back to Polk County pursuant to an order of the Criminal Court of Record of Polk County for further proceedings on the instant charges. On May 1, 1972, petitioner made his motion for discharge from these charges. On the next day, the trial judge denied the motion for discharge and set the trial date for May 25, 1972, which, as heretofore stated, has been stayed.
Petitioner having been taken into custody on the charges in Polk County on October 13, 1971, it clearly appears that the 180 days for trial without demand under the rule expired on or about April 10, 1972. Discovery motions timely made by petitioner were not "exceptional circumstances" which would have tolled the time under section (f) of the rule, nor was there an extension of time granted under section (d) (2) thereof for such discovery or for any other reason. Furthermore, the motion for discharge herein was not made *604 until after the state had fully complied with a discovery order in fact entered, and there was nothing otherwise pending which would militate against a prompt trial at the instance of the state. The motion for discharge should have been granted.
Having reached this conclusion and having so advised the respondent by this opinion, we anticipate that it will not be necessary to issue the rule absolute.
PIERCE, C.J., and LILES, J., concur.