322 So.2d 581 (1975)
STATE of Florida, Appellant (State),
v.
Louis KELLEY and Jessie James Matthews, Appellees (Defendants).
No. W-390.
District Court of Appeal of Florida, First District.
November 26, 1975.
*582 Robert L. Shevin, Atty. Gen., Andrew W. Lindsey, Asst. Atty. Gen., and Warren Goodwin, Tallahassee, for appellant.
John N. Hogenmuller, and Ed Duffee, Jr., Tallahassee, for appellees.
MILLS, Judge.
This appeal by the State questions the correctness of orders rendered by the trial court dismissing the information filed against the defendants and discharging them on the ground that they were not afforded a speedy trial as required by Rule 3.191(a)(1), Florida Rules of Criminal Procedure.
The issue before us is whether the right to a speedy trial was waived or extended.
On 30 January 1974, the defendants were taken into custody and charged with robbery. Their trial was set for 23 April. On 19 April, the public defender, who was representing Matthews, was required to withdraw because of a conflict. The trial court immediately appointed private counsel for this defendant, and on the morning of the scheduled trial, the court continued the Matthews trial, stating that it knew that Matthews' newly appointed attorney could not be prepared on such short notice. The newly appointed attorney agreed. Thereafter, in the presence of Kelley's attorney, in open court, the State's attorney announced that they had stipulated to a continuance because of the appointment of new counsel for Matthews. Kelley's attorney made no response. The trial court then continued the Kelley trial.
On 26 April, at a hearing attended by all of the attorneys, the trial court reset the trial for 31 July. There were no objections by the attorneys.
On 31 July, the attorneys for the defendants filed motions to dismiss and to discharge defendants, because the State had failed to bring them to trial within 180 days from date of custody. 31 July was the one hundred eighty-third day from custody. The trial court granted the motions and discharged defendants.
The speedy trial rule may be extended by the trial court on its own motion where the delay is based on a development which could not be anticipated and which would *583 materially affect the trial. Rule 3.191(d)(2) and (f), Rules of Criminal Procedure.
When counsel for a defendant requests a continuance, the time limitation on a speedy trial is extended for a reasonable period of time. Llano v. State, 271 So.2d 34 (Fla.App. 3d, 1972).
A defendant's right to a speedy trial may be waived by his attorney. A waiver of a defendant's right to a speedy trial results where his attorney and the State's attorney agree upon or stipulate to a continuance of the trial, or when his attorney consents to or acquiesces in a delay sought by the State. State v. Earnest, 265 So.2d 397 (Fla.App. 1st, 1972).
The trial court continued the trial of Matthews so that his newly appointed attorney would have an opportunity to prepare this defendant's case for trial. Matthews' new attorney agreed with the court's action. The actions of the court and the attorney were proper; they were taken to insure that Matthews would be effectively and vigorously defended. However, the actions taken extended the 180-day speedy trial rule.
Counsel for Kelley waived the defendant's right to a speedy trial by either stipulating to a continuance of his trial, or consenting to or acquiescing in a delay, when in open court he did not object to the statement by the State's attorney that they jointly stipulated to a continuance, and the trial court granted the continuance. Kelley's counsel had good reason for his actions; he desired the court to rule on a motion for severance he had just filed on behalf of Kelley. Nevertheless, this action waived the 180-day speedy trial rule.
There has been no complaint that the trial court failed to set the trial within a reasonable time, and there could be none. The trial was rescheduled at the earliest possible date, and only three days beyond the time limitation of the speedy trial rule.
Reversed and remanded for trial.
BOYER, C.J., and McCORD, J., concur.