339 So.2d 659 (1976)
Alphonso STUART, Appellant,
v.
The STATE of Florida, Appellee.
No. 75-1172.
District Court of Appeal of Florida, Third District.
October 26, 1976.
Rehearing Denied December 21, 1976.
*660 Phillip A. Hubbart, Public Defender, and Karen M. Gottlieb, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., and Linda Collins Hertz, Asst. Atty. Gen., for appellee.
Before HENDRY and HAVERFIELD, JJ., and LESTER, M. IGNATIUS, Associate Judge.
PER CURIAM.
Appellant was charged in the trial court with breaking and entering with the intent to commit a felony, to-wit, grand larceny. An order withholding adjudication was entered, and the defendant was placed on probation for three (3) years. This appeal questions whether the trial court should have discharged the defendant/appellant and dismissed the case pending against him on the ground that he was not afforded a speedy trial in accordance with the requirements of law, and further questions whether the trial court properly refused to instruct the jury on criminal trespass.
The defendant was arrested on November 8, 1974. The record reveals that the defendant's trial commenced on May 8, 1975, the 181st day after arrest. From the record it affirmatively appears that there has been a waiver of defendant's right to speedy trial by the proceedings taking place in open court. On Monday, April 28, 1975, counsel for the State and the defendant appeared before the trial judge as a plea was being negotiated. It was agreed to set the case over to April 30, 1975, for a report on the plea. Subsequently, the State and the defendant's counsel reported that the negotiated plea was refused, and the case would be placed on standby status for trial. On May 7, 1975, the Court announced, "All right, could we go with this one number one today?" Counsel for the State announced the State witness had come to court numerous times, and the defendant was on standby as well. Then the Court announced again, "I will put it over to tomorrow, but if a trial starts and runs three days, I don't want anyone complaining they can't get a speedy trial." Defense counsel did not object and, even though his defendant was not present in court, he said he was ready for trial.
We have determined that the defendant effectively waived his right to be tried within the time limitation of the Rule because of the plea negotiations and because of the defense counsel's acquiescence to the Court setting the trial on the 181st day. See State v. Kelley, 322 So.2d 581 (Fla.App. 1st 1975). Also, see State v. Earnest, 265 So.2d 397 (Fla.App. 1st 1972).
We find that the trial court properly refused to instruct the jury on criminal trespass. We find that the proposed less included charge is not an offense necessarily included in the offense charged of breaking and entering with the intent to commit a felony therein, to-wit, grand larceny. The record reveals that the trial court instructed the jury on a number of lesser offenses of which the jury could have found the defendant guilty.
Even though the Court waived the necessity of a written instruction on the lesser included charge on trespass, the Court should have been informed exactly *661 what instruction the defendant sought, which was not done in this case. Rivers v. State, 307 So.2d 826 (Fla.App. 1975).
For the reasons above set forth, the judgment appealed is therefore affirmed.