PER CURIAM.
Petitioner, Bobby Gordon Sheffield, filed herein a suggestion for writ of prohibition alleging violation of the “speedy trial rule”, Fla.R.Crim.P. 3.191. We issued Rule Nisi to which respondent has filed his return. We have also carefully considered the briefs filed by able counsel. Petitioner relies heavily upon a recent case from this court, State v. Ansley, 349 So.2d 837 (Fla. 1st DCA 1977). A careful examination of that case reveals that we there only held that mere silence alone on the part of a defendant or his counsel at a proceeding in which trial date is set beyond the speedy trial period is not a waiver pursuant to Fla.R.Crim.P. 3.191(d)(2)(i). In that case, immediately prior to stating our holding, we said:
“The requirements of Fla.R.Crim.P. 3.191(d)(2)(i), requiring that an extension or waiver of the speedy trial time be in writing and be signed in proper person or by counsel, by the party against whom the stipulation is sought to be enforced, have been modified considerably by judicial interpretation. Waiver has been found without the required writing *932 where defense counsel orally stipulated to the delay in open court and where same was preserved for the record by certified transcript of the proceedings; or where there was either a passive or active acknowledgment on the part of the defense that a stipulation (in court or out, oral or written) had been entered into by which the parties agreed that the trial would be set beyond the speedy trial period; or where there was an acknowledgment by the court or one of the parties of a speedy trial issue followed by the defense’s acquiescence in a trial date set beyond the speedy trial period. State v. Kelley, 322 So.2d 581 (Fla. 1st DCA 1975); Stuart v. State, 339 So.2d 659 (Fla. 3rd DCA 1976); State v. Earnest, 265 So.2d 397 (Fla. 1st DCA 1972); and Eastwood v. Hall, 258 So.2d 269 (Fla. 2nd DCA 1972). However, none of these circumstances has occurred in the instant case.” (349 So.2d 838, 839)
Respondent, on the other hand, heavily relies upon State v. Kelley, 322 So.2d 581 (Fla. 1st DCA 1975) which, it will be noted from the above quotation, was cited and approved by us in State v. Ansley, supra. An examination of the facts of this case reveals them to be more analogous to those in State v. Kelley than in State v. Ansley.
Accordingly, our rule nisi is vacated and the petition for writ of prohibition is denied.
IT IS SO ORDERED.
McCORD, C. J., and BOYER and MELVIN, JJ., concur.