BERANEK, Judge.
The State appeals an order of dismissal by the Circuit Court pursuant to Criminal Rule of Procedure 3.191 governing speedy trial. Defendant was arrested for the felony of delivery of cannabis. The 180th day after arrest was December 12, 1977. The case was called for trial on that date. The defense announced it was ready to proceed. The State argued it was not prepared to go *1067 to trial because counsel had thought the defendant was going to accept an outstanding plea offer and defense counsel had (in the Judge’s words) “snookered” him into this erroneous belief. Although neither side made a formal motion, the trial court ordered the trial continued and that the continuance be “charged against the defendant” because defense counsel was “not fairly dealing with the State.”
Trial was reset in late February, 1977, but before it occurred, defendant moved for discharge based on an alleged violation of the speedy trial rule.
At the hearing on this motion, defense counsel argued the continuance of December 12, 1977, had been improperly charged against defendant because counsel had not misled the State and that the time for speedy trial had run when the State was unprepared to proceed with the trial as set on the 180th day. This was the same argument which had been previously made by defendant and previously rejected by the court when the continuance was ordered. The trial judge reversed himself and stated that although charging the continuance to the defendant had been proper, it would probably be reversed on appeal, and therefore, the motion for discharge would be granted. The trial judge strongly recommended that the State take an appeal.
We glean most of the above from a detailed study of the transcript of the various hearings. During these hearings counsel argued considerably about their own previous disagreements and the court made various statements about the overall lack of merit of Rule 3.191.
In viewing the case on appeal, we have no choice other than to look to the actual decision of the trial court rather than comments in colloquy between court and counsel. The only interpretation of the decision of the trial judge not leading to an inconsistency is that the continuance of December 12, 1977, should not have been charged to the defendant initially. Since this was in effect the court’s ruling and since the State has been unable to demonstrate legal error in this ruling, we have no alternative other than to affirm.
In light of this eventual ruling, the posture of the case was simply that it was called for trial on the 180th day and the State was not ready to proceed. The defendant was initially found to be responsible for this delay, but this ruling was later changed and reversed. There is no real question of waiver as was presented in State v. Kelley, 322 So.2d 581 (Fla. 1st DCA 1975) and Stuart v. State, 339 So.2d 659 (Fla. 3d DCA 1976). Had the trial court found a waiver based on participation in plea negotiations as was found in Stuart v. State, supra, the result might be otherwise.
We take this opportunity to comment upon the growing practice of “charging” continuances as they are granted. Certainly, a complete record must be made regarding the grant or denial of any continuance. Such a record showing the reasons for a continuance is an absolute necessity in deciding the problems oft presented by motions for discharge such as this. However, we stress that the true issue presented on a motion for continuance is whether the party requesting the continuance is entitled to it. The procedure (existing totally without basis in rule or statute) for “charging continuances” seems to foster rather than discourage the type of “speedy trial maneuvering” which the trial court so soundly condemned in his comments in the transcripts reviewed here. The order below is affirmed.
AFFIRMED.
DOWNEY, C. J., and DAUKSCH, J., concur.