376 So.2d 248 (1979)
Eugene L. CAMERON, Appellant,
v.
STATE of Florida, Appellee.
No. 77-2284/NT 4-21.
District Court of Appeal of Florida, Fifth District.
September 19, 1979.
Richard L. Jorandby, Public Defender, Michael Salnick, Legal Intern, and Tatjana Ostapoff, Chief, Asst. Public Defender, Appellate Division, West Palm Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee and John D. Cecilian, Asst. Atty. Gen., West Palm Beach, for appellee.
ANSTEAD, HARRY LEE, Associate Judge.
At issue on appeal is the trial court's denial of the appellant's motion for discharge under the speedy trial rule, Fla.R. Crim.P. 3.191.
The trial court concluded that appellant was arrested on April 5, 1977, in Escambia County as an escapee from prison in South Carolina. On the same day Escambia County officials notified Orange County officials of appellant's arrest and thereafter appellant was also detained for charges pending in Orange County. The parties agreed that Orange County would be given priority in taking custody of and trying appellant on state charges before he would be released to South Carolina. Orange County officials actually took appellant into custody on April 8, 1977. Thereafter, appellant was brought to trial on the charges involved herein within 180 days of April 8 but more than 180 days after April 5. The appellant claims speedy trial time should be measured from April 5, when a detainer was requested by Orange County, rather than from April 8 as ultimately determined by the trial court.
In State v. Bassham, 352 So.2d 55 (Fla. 1977) the Supreme Court held:
... a detainer placed by one county for a prisoner held by another county is not considered custody within the contemplation of the speedy trial rule so as to commence the running of the speedy trial time.
The appellant contends that Bassham should not apply since it is undisputed that appellant would be tried on the Orange County charges before being tried on the South Carolina charges. We fail to see how this makes a difference. Bassham, supra, clearly holds that a detainer does not start the 180 day speedy trial time running as provided for in Rule 3.191(a)(1). We cannot depart from the Supreme Court's mandate.
The appellant further contends that such a holding may well lead to abuse by the state since the state may unreasonably delay in taking custody of the appellant *249 while he is detained in another county. Again we must disagree. First, there is no claim or showing of such abuse here. Indeed, Orange County officials took custody of the appellant within three days of receiving notice of his arrest. More importantly, the state is prohibited by the Constitution from unreasonably delaying in bringing the appellant to trial. Hence, if in fact the state is guilty of unreasonable delay in securing the custody of a defendant once a detainer is lodged, and such delay ultimately results in a deprivation of the defendant's constitutional right to a speedy trial, such defendant will be entitled to discharge.
The judgment on appeal is hereby affirmed.
MOORE, JOHN H. II, and WARREN, LAMAR, Associate Judges, concur.