397 So.2d 1042 (1981)
David E. BALLARD, Petitioner,
v.
Honorable Frank N. KANEY, Circuit Judge, Ninth Judicial Circuit of Florida, Respondent.
No. 81-122.
District Court of Appeal of Florida, Fifth District.
May 13, 1981.
Ed Leinster, Orlando, for petitioner.
Jim Smith, Atty. Gen., Tallahassee, and James Dickson Crock, Asst. Atty. Gen., Daytona Beach, for respondent.
COWART, Judge.
Petitioner seeks a writ of prohibition to prevent the respondent trial judge from presiding over any further criminal prosecution of him because he was not tried within 180 days of his arrest as directed by Florida Rule of Criminal Procedure 3.191(a)(1).
During the 180 days after petitioner's arrest he participated in plea bargaining and on the 184th day entered a negotiated conditional plea of guilty which was later rejected by the court pursuant to a condition of the plea agreement. On the 422nd day after his arrest petitioner moved for a continuance. Mere participation in plea bargaining does not waive speedy trial rights. Stuart v. State, 360 So.2d 406 (Fla. 1978), State v. Bragg, 367 So.2d 1066 (Fla. 4th DCA 1979). See also Mellman v. Rudd, 389 So.2d 706 (Fla. 1st DCA 1980). When the speedy trial rule period has run the right of the accused to discharge is not affected by acts which might have earlier constituted a waiver. Muller v. State, 387 So.2d 1037 (Fla. 3d DCA 1980); Llanusa v. Glickstein, 376 So.2d 45 (Fla. 4th DCA 1979); White v. State, 338 So.2d 256 (Fla. 4th DCA 1976); Hammock v. State, 330 So.2d 522 (Fla. 1st DCA 1976).
Davis v. State, 386 So.2d 1287 (Fla. 3d DCA 1980), and State ex rel. Wilhoit v. Wells, 356 So.2d 817 (Fla. 1st DCA 1978), cited by respondent, are distinguishable because in those cases the plea was entered before the speedy trial rule period had expired.
This court has held that prohibition is a proper remedy to bar further prosecution when a discharge has been erroneously denied after a violation of speedy trial rule rights. Bates v. Keating, 396 So.2d 1172 (Fla. 5th DCA 1981). Accordingly the petitioner is discharged and the writ of prohibition is
GRANTED.
COBB and FRANK D. UPCHURCH, Jr., JJ., concur.