411 So.2d 889 (1982)
Joseph Gerald HOLMES, Petitioner,
v.
The Honorable Kenneth M. LEFFLER, Circuit Judge of the Eighteenth Judicial Circuit in and for Seminole County, Florida, Respondent.
No. 81-1020.
District Court of Appeal of Florida, Fifth District.
February 3, 1982.
Rehearing Denied March 17, 1982.
*890 James Russo, Public Defender, Titusville and Robert B. Fisher and Donald R. West, Asst. Public Defenders, Sanford, for petitioner.
Jim Smith, Atty. Gen., Tallahassee, and Evelyn D. Golden, Asst. Atty. Gen., Daytona Beach, for respondent.
DAUKSCH, Chief Judge.
Petitioner seeks a writ of prohibition to prevent the Circuit Court for Seminole County from proceeding with any further criminal prosecution of him because he was not tried within 180 days of his arrest as required by Florida Rule of Criminal Procedure 3.191. We grant the writ.
On September 8, 1980, Petitioner was arrested and taken into custody in Seminole County on charges of burglary of a dwelling. At both the first and second scheduled arraignments, the state requested one week continuances which were granted. On September *891 24, 1980, the state filed a Notice of No Information and, consequently, Petitioner was discharged at the third scheduled arraignment on September 30, 1980.
On February 4, 1981, the state filed an information for burglary of a dwelling and a Petition for Writ of Habeas Corpus Ad Prosequendum was issued to direct the Sheriff of Orange County to deliver Petitioner to Seminole County for arraignment. That writ was issued because Petitioner was in custody in Orange County, Florida, on Orange County charges. On February 11, 1981, a capias was issued for Petitioner's arrest on the Seminole County burglary charges.
On March 7, 1981, 180 days had passed since Petitioner's arrest on September 8, 1980. On June 1, 1981 Petitioner was released from the Orange County jail and the capias of February 11, 1981 was served upon him on June 5, 1981.
On June 30, 1981, Petitioner filed a Motion to Dismiss and Discharge the Seminole County charges because the speedy trial time had run. Petitioner's Motion was denied on July 15, 1981 and the court ruled that pursuant to Florida Rule of Criminal Procedure 3.191(b)(1),[1] Petitioner was "unavailable" for trial from February 8, 1981 through June 1, 1981.
Petitioner asserts that the court's reliance on Rule 3.191(b)(1) was misplaced. We agree. Rule 3.191(b)(1) clearly applies only to prisoners "outside the jurisdiction of this State or a subdivision thereof." We interpret this to mean that neither the state nor any county or city has jurisdiction over the prisoner. Therefore, Petitioner's incarceration in the Orange County jail during part of the speedy trial period does not classify him as a prisoner outside the jurisdiction and should not preclude him from asserting his speedy trial rights.
On appeal, Respondent also contends that Petitioner was not entitled to discharge because he was not continuously available for trial under Rule 3.191(e), Florida Rules of Criminal Procedure (1981). Respondent asserts that Petitioner was unavailable for trial because he was incarcerated in the Orange County jail during some of the applicable speedy trial period. However, Rule 3.191(e) provides:
(e) Availability for Trial. A person is unavailable for trial if (1) the person or his counsel fails to attend a proceeding where their presence is required by these Rules, or (2) the person or his counsel is not ready for trial on the date trial is scheduled. A person who has not been available for trial during the term provided for herein is not entitled to be discharged. No presumption of non-availability attaches, but if the State objects to discharge and presents any evidence tending to show non-availability, the accused then must by competent proof establish availability during the term.
Petitioner did not fail to attend a proceeding where his presence was required and there was no showing that he was not ready for the scheduled trial on June 27, 1981. In addition, it has been held that an accused is entitled to discharge when he is not brought to trial within the speedy trial period even though in the interim he was incarcerated in another county. State v. Yero, 377 So.2d 45 (Fla. 3d DCA 1979); Ramos v. Amidon, 263 So.2d 602 (Fla. 2d DCA 1972).
In their arguments, both Petitioner and Respondent have relied on newly amended Rule 3.191. However, the operative event in the instant case which began the running of the speedy trial time was the taking of the Petitioner into custody on September 8, 1980. This event occurred prior to the effective date (January 1, 1981) of the 1980 amendment to the speedy trial time. "Florida Rules of Court have prospective effect *892 only, unless expressly provided otherwise." Jackson v. Green, 402 So.2d 553 (Fla. 1st DCA 1981). The 1980 amendments to the speedy trial rule are not expressly retroactive. Thus, the issue is whether Petitioner falls within the definition of a prisoner in Florida and whether he must be brought to trial within 180 days of arrest under former Rule 3.191(a)(1) or within one year of arrest under former Rule 3.191(b)(1).
In order for former Rule 3.191(b)(1) to apply, Petitioner must have been a "prisoner" within the meaning of that rule. Specific attention should be drawn to the following crucial phrase of the former rule:
... the period of time established by this rule shall commence when the person is taken into custody as a result of the subject conduct or criminal episode, or when the subject charge of crime is filed, whichever is earlier, whether or not such period may commence to run before such person began to serve his term of imprisonment. ... (emphasis added).
The Florida Supreme Court has held and this court has recognized[2] that former Rule 3.191(b)(1) "applies only to those defendants imprisoned in a state or county penal or correctional institution pursuant to a criminal judgment of guilt and does not apply to those defendants being held in jail while awaiting trial." Lewis v. State, 357 So.2d 725, 728 (Fla. 1978). Petitioner was merely a pretrial detainee while being held by Orange County. He was not serving a term of imprisonment, therefore, he was not a prisoner in Florida within the meaning of former Rule 3.191(b)(1). Consequently, former Rule 3.191(a)(1) must apply. Therefore, Petitioner should have been brought to trial within 180 days of his being taken into custody and, upon the state's failure to do so, he was entitled to be discharged. Prohibition is a proper remedy to bar further prosecution when a discharge has been erroneously denied after a violation of speedy trial rule rights. Ballard v. Kaney, 397 So.2d 1042 (Fla. 5th DCA 1981).
Petitioner's writ of prohibition is granted and the petitioner is ordered discharged.
FRANK D. UPCHURCH, Jr., and SHARP, JJ., concur.

ON MOTION FOR REHEARING AND MOTION FOR REHEARING EN BANC
DAUKSCH, Chief Judge.
It is ordered that the Motion for Rehearing and Motion for Rehearing En Banc filed by Respondent are denied. The instant case and Cameron v. State, 376 So.2d 248 (Fla. 5th DCA 1979), are clearly not in conflict. In the instant case the time for speedy trial began running at the time of Petitioner's arrest in Seminole County, which was before he was detained by Orange County. In Cameron, this court held, properly, that a detainer request filed in another county jail does not constitute an arrest for speedy trial purposes.
FRANK D. UPCHURCH, Jr., and SHARP, JJ., concur.
NOTES
[1] (b)(1) Prisoners Outside Jurisdiction. A person who is in federal custody or incarcerated in a jail or correctional institution outside the jurisdiction of this State or a subdivision thereof, and who is charged with a crime by indictment or information issued or filed under the laws of this State, is not entitled to the benefit of this Rule until that person returns or is returned to the jurisdiction of the court within which the Florida charge is pending and until written notice of this fact is filed with the court and served upon the prosecutor... .
[2] Marrero v. State, 381 So.2d 274, 275 (Fla. 5th DCA 1980).