436 So.2d 132 (1983)
Gregory SINGLETON, Petitioner,
v.
The Honorable Howard GROSS, Judge of the Circuit Court of the Eleventh Judicial Circuit, in and for Dade County, Florida, Respondent.
No. 82-2017.
District Court of Appeal of Florida, Third District.
January 4, 1983.
*133 Bennett H. Brummer, Public Defender and Howard K. Blumberg, Asst. Public Defender, for petitioner.
Jim Smith, Atty. Gen. and Scott Silver, Asst. Atty. Gen., for respondent.
Before HUBBART, BASKIN and FERGUSON, JJ.
PER CURIAM.
This is an original petition for a writ of prohibition wherein petitioner Gregory Singleton seeks to restrain the respondent Howard Gross, as a judge of the Circuit Court for the Eleventh Judicial Circuit of Florida, from trying the petitioner on certain criminal charges on the ground that petitioner's speedy trial rights have been denied. Contrary to the state's contention herein, we have jurisdiction to entertain this petition. Art. V, § 4(b)(3), Fla. Const.; V.C. v. Ferguson, 422 So.2d 861 (Fla. 3d DCA 1982), rev. granted, 427 So.2d 722 (Fla. 1983), contra, Sherrod v. Franza, 396 So.2d 1136 (Fla. 4th DCA), rev. granted, 427 So.2d 161 (Fla. 1983). For the reasons which follow, we deny the petition for a writ of prohibition and discharge the rule nisi.
The respondent trial judge held below, and we agree, that the petitioner Singleton was unavailable for trial under Fla. R.Crim.P. 3.191(e)[1] when he failed to appear in court pursuant to proper notice to be tried on certain felony charges pending before the respondent judge within a 180-day time period subsequent to petitioner's arrest. He was, therefore, not entitled to a discharge under either Fla.R.Crim.P. 3.191(a)(1)[2] or Fla.R.Crim.P. 3.191(d)(3)[3] for failure to be tried within the said 180-day time period. It appears from the record that the petitioner, unbeknowst to the state attorney and court below, was incarcerated at the Broward County Jail at the time of his trial date. As such, the petitioner was not, in our view, available for trial as the proper state authorities had no actual notice as to the petitioner's whereabouts.
The petitioner relies on a line of cases which have held that a criminal defendant *134 is not unavailable for trial merely because he is incarcerated in a county jail in another jurisdiction in this state. Holmes v. Leffler, 411 So.2d 889 (Fla. 5th DCA 1982); Richardson v. State, 340 So.2d 1198 (Fla. 4th DCA 1976); Ramos v. Amidon, 263 So.2d 602 (Fla. 2d DCA 1972). In each of these cases, however, the state attorney and trial court were aware of the defendant's whereabouts during the 180-day speedy trial period and made no effort to bring the defendant to trial. The defendant missed no scheduled court dates as none were ever set during the 180-day period. This factor distinguishes those cases from the instant case because here the petitioner did miss a scheduled trial date in court and both the state attorney and court below were totally unaware of the petitioner's whereabouts prior thereto.
The petition for a writ of prohibition is denied and the rule nisi is discharged.
BASKIN, Judge (dissenting).
I disagree with the majority's holding that defendant Singleton was unavailable for trial while incarcerated in Broward County. Singleton was tried and acquitted on an unrelated charge over a month prior to the expiration of the speedy trial period. Furthermore, it was the restraint placed upon Singleton by the state that prevented him from appearing in Dade County.
For these reasons, I agree with the decisions in Holmes v. Leffler, 411 So.2d 889 (Fla. 5th DCA 1982); Richardson v. State, 340 So.2d 1198 (Fla. 4th DCA 1976); Ramos v. Amidon, 263 So.2d 602 (Fla. 2d DCA 1972), which hold that incarceration in another county does not render a defendant unavailable for trial. Accordingly, I would grant the writ of prohibition.
NOTES
[1] Fla.R.Crim.P. 3.191(e):

"Availability for Trial. A person is unavailable for trial if (1) the person or his counsel fails to attend a proceeding where their presence is required by these Rules, or (2) the person or his counsel is not ready for trial on the date trial is scheduled. A person who has not been available for trial during the term provided for herein is not entitled to be discharged. No presumption of non-availability attaches, but if the State objects to discharge and presents any evidence tending to show non-availability, the accused then must by competent proof establish availability during the term."
[2] Fla.R.Crim.P. 3.191(a)(1):

"Speedy Trial Without Demand. Except as otherwise provided by this Rule, and subject to the limitations imposed under (b)(1) and (b)(2), every person charged with a crime by indictment or information shall without demand be brought to trial within 90 days if the crime charged be a misdemeanor, or within 180 days if the crime charged be a felony, and if not brought to trial within such time shall upon motion timely filed with the court having jurisdiction and served upon the prosecuting attorney be forever discharged from the crime; provided, the court before granting such motion, shall make the required inquiry under (d)(3). The time periods established by this section shall commence when such person is taken into custody as defined under (a)(4). A person charged with a crime is entitled to the benefits of this Rule whether such person is in custody in a jail or correctional institution of this State or a political sub-division thereof or is at liberty on bail or recognizance. This section shall cease to apply whenever a person files a valid demand for speedy trial under (a)(2).
[3] Fla.R.Crim.P. 3.191(d)(3):

"Delay and Continuances; Effect on Motion. If trial of the accused does not commence within the periods of time established by this Rule, a pending motion for discharge shall be granted by the court unless it is shown that (i) a time extension has been ordered under (d)(2) and that extension has not expired, or (ii) the failure to hold trial is attributable to the accused, a co-defendant in the same trial, or their counsel, or (iii) the accused was unavailable for trial under section (e), or (iv) the demand referred to in section (c) is invalid. If the court finds that discharge is not appropriate for the reasons under (d)(3)(ii), (iii), or (iv), the pending motion for discharge shall be denied provided however, trial shall be scheduled and commenced within 90 days of a written or recorded order of denial.