ORFINGER, Chief Judge.
An information charging that the defendant did “by force, violence, assault or putting in fear, take away from the person or custody of [another] certain property ...” is not fundamentally deficient. Harpham v. State, 435 So.2d 375 (Fla. 5th DCA 1983). Thus, there was no error in permitting the State to amend the information to allege the defendant’s intent to permanently deprive the victim of the property, especially where, as here, it was conceded by defendant that such amendment would not prejudice him. See Lackos v. State, 339 So.2d 217 (Fla.1976).
Appellant’s contention that he was entitled to be discharged because of the violation of the speedy trial rule, Fla.R. Crim.P. 3.191, is also without merit. Appellant’s trial was commenced within 180 days following his arrest. When a mistrial was declared on appellant’s motion, his trial was then set 77 days later, and at that time he entered a plea of nolo contendere, reserving his right to appeal the denial of his motion to dismiss the information and for discharge because of speedy trial violation.
Fla.R.Crim.P. 3.191(g) provides that a person who is to be tried again because of a mistrial shall be brought to trial within 90 days from the date of declaration of mistrial by the trial court. Appellant was brought to trial within the 90-day period. His contention that he was entitled to discharge because his subsequent trial date was beyond the 180-day period from the date of his arrest is unavailing, because once a mistrial has been declared, the 180-day period of Rule 3.191(a) no longer applies, and a new and independent 90-day period begins. Rule 3.191(g); Durrance v. Rudd, 398 So.2d 1012 (Fla. 1st DCA 1981).
AFFIRMED.
DAUKSCH and FRANK D. UP-CHURCH, Jr., JJ., concur.