ON MOTION FOR REHEARING
WIGGINTON, Judge.
Having considered the state’s motion for rehearing, we grant the motion and with *356 draw the opinion previously filed in this cause, substituting the following decision and opinion in lieu thereof.
The state appeals an order discharging Kerwin for the state’s violation of the speedy trial rule. We reverse.
Relevant to Kerwin’s case is rule 3.191(g),[1] the provisions of which necessitated the state’s bringing Kerwin to trial within ninety days from September 13, 1982, the date on which the trial court received this Court’s mandate subsequent to an interlocutory appeal taken by the state.[2] Durrance v. Rudd, 398 So.2d 1012 (Fla. 1st DCA 1981); Jenkins v. State, 446 So.2d 146 (Fla. 5th DCA 1983).
Trial was set for October 13, 1982, in Wakulla County. In the meantime, Ker-win’s whereabouts being unknown, defense counsel was instructed by the court on September 27 to advise Kerwin to turn himself in to Duval County authorities by the following Friday, as a warrant had been issued in that county for Kerwin’s arrest on related charges. Kerwin complied, but not until the morning of the trial. Although his counsel requested a continuance, the court denied the motion and ordered the case reset on the November docket.
By March, 1983, Kerwin had still not been brought to trial. On March 23, he moved for a discharge pursuant to rule 3.191(d)(3),[3] on the basis that he had not been brought to trial within the ninety days provided by rule 3.191(g). The state argued that Kerwin had waived speedy trial by being both unavailable and unprepared for trial on October 13.[4] The court granted Kerwin’s motion, without stating specifically its reason.
Clearly, March was outside the ninety days for speedy trial under rule 3.191(g), which period, as previously noted, began to run on September 13, 1982. However, we agree with the state that Kerwin waived his right to a speedy trial by being unavailable for trial on October 13. Despite the prosecutor’s repeated efforts to determine whether Kerwin was in the Duval County jail, both he and the trial court were unaware of Kerwin’s whereabouts until the day of the trial. See Singleton v. Gross, 436 So.2d 132 (Fla. 3d DCA 1983).
Consequently, the trial court’s order discharging Kerwin is REVERSED, and the *357 cause REMANDED for further proceedings under Rule 3.191.
SMITH and SHIVERS, JJ.( concur.

. Fla.R.Crim.P. 3.191(g):
A person who is to be tried again or whose trial has been delayed by an appeal by the State or the defendant shall be brought to trial within 90 days from the date of declaration of a mistrial by the trial court, the date of an order by the trial court granting a new trial, the date of an order by the trial court granting a motion in arrest of judgment, or the date of receipt by the trial court of a mandate, order, or notice of whatever form from an appellate or other reviewing court which makes possible a new trial for the defendant, whichever is later in time.
See also State v. Jenkins, 389 So.2d 971, 976 (Fla. 1980).

. See State v. Chamblin, et al., 418 So.2d 1152 (Fla. 1st DCA 1982), wherein this Court reversed the trial court’s order granting a defense motion for disclosure of the identity of a confidential informant.

.Fla.R.Crim.P. 3.191(e):
A person is unavailable for trial if (1) the person or his counsel fails to attend a proceeding where their presence is required by these Rules, or (2) the person or his counsel is not ready for trial on the date trial is scheduled. A person who has not been available for trial during the term provided for herein is not entitled to be discharged. No presumption of non-availability attaches, but if the State objects to discharge and presents any evidence tending to show non-availability, the accused then must by competent proof establish availability during the term.