453 So.2d 877 (1984)
Claude ROBBINS, Appellant,
v.
STATE of Florida, Appellee.
No. 83-2522.
District Court of Appeal of Florida, Second District.
August 3, 1984.
Jerry Hill, Public Defender, Bartow, and L.S. Alperstein, Asst. Public Defender, Tampa, for appellant.
*878 Jim Smith, Atty. Gen., Tallahassee, and Robert J. Landry, Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
Defendant was convicted of grand theft. He appeals the trial court's denial of his Motion for Discharge on speedy trial grounds. We reverse.
There is no dispute that more than 180 days from defendant's arrest on September 24, 1984, had expired when defendant's motion was filed. The only question is whether the 180-day requirement was inapplicable because defendant had been unavailable for trial under Fla.R.Crim.P. 3.191(e). The state, citing Singleton v. Gross, 436 So.2d 132 (Fla. 3d DCA 1983), contends that defendant was unavailable in Hillsborough County because he was incarcerated in Pinellas County. The state, citing Rule 3.191(e)(1), also contends that defendant failed to attend proceedings where his presence was required, to-wit: three scheduled arraignments in Hillsborough County. We disagree.
Here, unlike in Singleton, Hillsborough County authorities were aware that defendant was incarcerated in Pinellas County. An accused is entitled to discharge under Rule 3.191 even though during the speedy trial period he was incarcerated in another county. Holmes v. Leffler, 411 So.2d 889 (Fla. 5th DCA 1982); Ramos v. Amidon, 263 So.2d 602 (Fla. 2d DCA 1972). His failure to attend the scheduled arraignments in Hillsborough County occurred while he was incarcerated in Pinellas County. It was the responsibility of Hillsborough County authorities, not defendant, to arrange for defendant's presence at Hillsborough County proceedings.
We therefore reverse defendant's judgment of conviction and direct that he be discharged.
GRIMES, A.C.J., and OTT and LEHAN, JJ., concur.