457 So.2d 1144 (1984)
Errol GARNETT, Appellant,
v.
The STATE of Florida, Appellee.
No. 83-961.
District Court of Appeal of Florida, Third District.
October 23, 1984.
*1145 Bennett H. Brummer, Public Defender, and Elliot H. Scherker, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., and Renee E. Ruska, Asst. Atty. Gen., for appellee.
Before SCHWARTZ, C.J., and HUBBART and FERGUSON, JJ.
SCHWARTZ, Chief Judge.
We reject the defendant's claim that he was entitled to discharge under the speedy trial rule, Fla.R.Crim.P. 3.191. Garnett did not appear on the date scheduled for trial. Although his absence was caused by his incarceration in the Palm Beach county jail at the time, this did not render him "available for trial" under Rule 3.191(e) because the state and the lower court had no notice that this was the case. Singleton v. Gross, 436 So.2d 132 (Fla. 3d DCA 1983), rev. denied, 436 So.2d 100 (Fla. 1983) so holds. Accord, State v. Kerwin, 449 So.2d 355 (Fla. 1st DCA 1984). The fact that the prosecution subsequently became aware of the defendant's whereabouts before the 180-day period expired does not, contrary to the appellant's contention, require the application of the converse principle that a defendant is not deemed unavailable when his incarceration in another county is known to the authorities. Robbins v. State, 453 So.2d 877 (Fla. 2d DCA 1984); see generally, e.g., Holmes v. Leffler, 411 So.2d 889 (Fla. 5th DCA 1982), pet. for rev. denied, 419 So.2d 1200 (Fla. 1982). This is because the rule requires that the defendant be "continuously" available so that an unexcused absence at any single required appearance precludes the defendant's reliance on Rule 3.191. See Sherrod v. Franza, 427 So.2d 161 (Fla. 1983); Harris v. State, 400 So.2d 819 (Fla. 5th DCA 1981). Since Garnett's non-appearance for trial was unexcused under Singleton, the trial court properly concluded that he could not prevail.
Affirmed.