475 So.2d 1328 (1985)
STATE of Florida, Appellant,
v.
Michael LIVINGSTON, Appellee.
No. 84-1428.
District Court of Appeal of Florida, Fifth District.
September 26, 1985.
Jim Smith, Atty. Gen., Tallahassee, and Margene A. Roper, Asst. Atty. Gen., Daytona Beach, for appellant.
James B. Gibson, Public Defender, and Michael S. Becker, Asst. Public Defender, Daytona Beach, for appellee.
ORFINGER, Judge.
The State appeals an order discharging appellee on speedy trial grounds. We reverse.
Much of the involved factual background is not pertinent to this appeal. The pertinent facts reveal that on July 2, 1984, the trial court denied a prior motion to dismiss on speedy trial grounds, thus requiring that defendant be brought to trial within 90 days from the entry of that order, Fla.R. Crim.P. 3.191(d)(3) (1984), or not later than Monday, October 1, 1984.
The case was set near the end of the trial docket for August 13, 1984, at defendant's request, but was not reached. The State says that by asking to have the case set at the bottom of the docket, the defendant in effect requested a continuance, but we need not address that issue. On September 20, 1984, the next docket was called, and when the trial judge announced that no cases would be tried the following week [beginning September 24] but would be tried the week after that, [beginning October 1] the prosecutor requested that the case be set for a time certain on Thursday so that he could give his witnesses assurance that they would be called at a specified time. Defense counsel stated that he had no objection to that date. Thursday of the week following was October 4, 1984, outside of the 90-day speedy trial time.
*1329 On October 3, 1984, the defendant filed his motion for discharge on speedy trial grounds. In granting the motion, the trial court found that:
At that docket sounding, [September 20, 1984] the State of Florida requested this case (81-1622) to be set for a trial date certain on October 4, 1984. The Court agreed to so set the case for a date certain, and the Defendant merely acquiesced in the case being set for trial on such date. [Emphasis added].
When the defendant agreed to a trial date outside the speedy trial time, speedy trial was thus extended to the agreed upon date, October 4, 1984. Neuman v. State, 431 So.2d 168 (Fla. 5th DCA 1983); State v. Nelson, 320 So.2d 835 (Fla. 2d DCA 1975). See also State v. Morgan, 471 So.2d 199 (Fla. 2d DCA 1985). Therefore the motion for discharge filed on October 3, 1984 was premature, and should not have been granted.
REVERSED and REMANDED.
DAUKSCH, J., and KIRKWOOD L.R., Associate Judge, concur.