492 So.2d 772 (1986)
Richard Wayne WALKER, Appellant,
v.
STATE of Florida, Appellee.
No. BD-469.
District Court of Appeal of Florida, First District.
August 6, 1986.
*773 P. Douglas Brinkmeyer, Asst. Public Defender, Tallahassee, for appellant.
Barbara Ann Butler, Asst. Atty. Gen., Jacksonville, for appellee.
ZEHMER, Judge.
Walker appeals a final order withholding adjudication and placing him on probation for six months pursuant to a nolo contendere plea to a charge of burglary. The issue on appeal is whether the court erred in denying defendant's motion for discharge, which alleged a violation of the speedy trial rule. We reverse and order Walker discharged.
Walker was arrested on April 25, 1983, and charged with burglary of a vehicle. On August 8, 1983, he filed several motions in the circuit court of Duval County, and a motions hearing was set for August 24, 1983. At the August 24 hearing, defense counsel represented to the court that he was unaware of defendant's location, and a capias carrying a bond of $5,002 was issued for defendant's arrest. At or around this time the assistant state attorney handling the case had become aware, from a conversation with an HRS juvenile counselor, that Walker might have been arrested and put in jail in Marion county on other charges. No further action was taken on the Duval county case at that time. The 180-day speedy trial time period expired on October 22, 1983.
On September 15, 1984, Walker was arrested in Duval County on the outstanding capias. At that time it was determined that defendant had in fact been arrested and incarcerated in Marion County on August 22, 1983, on a charge of burglary of a restaurant, and had been sentenced on September 26, 1983. Defendant had been represented by the public defender in Marion County and had pled guilty to the burglary charge.
On November 7, 1984, Walker filed a motion for discharge in the Duval County proceeding on grounds of a speedy trial violation, and a hearing on the motion was held November 16, 1984. At the hearing the state stipulated that the assistant public *774 defender handling the case in August 1983 had notice from an HRS juvenile counselor that Walker might have been arrested in Marion county on other charges, but the state argued that such "constructive" notice of Walker's whereabouts, based on a hearsay rumor, did not make defendant available for trial and did not impose upon the state a duty to make defendant available for trial. The court agreed with the state's argument, holding that "more than a rumor" is required to place the state on notice of a defendant's whereabouts so that he must be brought to trial within the speedy trial time period. Defendant subsequently entered a plea of nolo contendere, reserving the right to appeal, inter alia, the denial of the motion for discharge.
The state makes four arguments in support of the court's denial of the motion for discharge. First, the state contends that defendant was required to be "continuously" available for trial under rule 3.191(e), Florida Rules of Criminal Procedure, as the rule existed at that time, and that the failure of defendant to appear for the August 24, 1983, motions hearing was an unexcused absence destroying his continuous availability and precluding him from relying on the provisions of rule 3.191(e), citing Sherrod v. Franza, 427 So.2d 161 (Fla. 1983), and Garnett v. State, 457 So.2d 1144 (Fla. 3d DCA 1984). We reject this argument because the court in Garnett noted that "an unexcused absence at any single required appearance precludes the defendant's reliance on Rule 3.191." Id. at 1145 (emphasis added). It must be remembered that this was a hearing on motions to be handled by Walker's appointed attorney, not a pretrial conference or trial, and the record does not reveal any requirement by court rule or order that defendant had to be present at this motion hearing. See Fla.R.Crim.P. 3.180.
The state next argues that the speedy trial provisions were not violated because outstanding motions and discovery requests indicated that defendant was unprepared for trial, citing Hill v. State, 467 So.2d 695 (Fla. 1985). Hill is factually distinguishable and not controlling here. In that case defense counsel filed a motion to withdraw at the pretrial conference and this withdrawal necessitated a continuance of the trial beyond the 180-day rule.[1] In the present case, if the state had brought defendant to Duval County for trial, there would have been ample opportunity for the court to have ruled on the motions and for compliance with the discovery requests. There is no evidence that the state's failure to comply with the speedy trial rule was in any way caused by defendant's motions or discovery requests.
The state next argues that defense counsel waived the speedy trial rule when, on October 26, 1984, prior to filing the motion for discharge, he urged the court to set an early trial date. According to the state, a defendant who agrees to a trial date outside the speedy trial time period thereby extends the time period to the agreed upon date and waives any speedy trial objection. State v. Livingston, 475 So.2d 1328 (Fla. 5th DCA 1985). This argument is unpersuasive because in Livingston and other cases setting forth the same rule, the defense counsel agreed, during the 180-day period, to a trial date outside the 180-day period. In the instant case, unlike in Livingston, the 180-day time period had already run when defense counsel agreed to the setting of a trial date. Additionally, defense counsel had made it clear at a motion hearing on October 10, 1984, that he intended to file a motion for discharge based on a violation of speedy trial, so the court was aware of defendant's speedy trial objection at the time trial was set. These circumstances do not demonstrate waiver of the speedy trial rule.
The State's final argument is premised on the trial court's finding that the state was not put on notice of defendant's *775 whereabouts when the assistant state attorney heard from an HRS counselor that defendant might have been arrested in Marion County. The primary case relied upon by the state is Singleton v. Gross, 436 So.2d 132 (Fla. 3d DCA 1983), in which it was stated that where the state has "actual notice" of the fact that the defendant has been incarcerated in another county, then the defendant must be brought to trial within 180 days. The state contends that in the present case the assistant state attorney did not have "actual" notice, but merely had some form of constructive notice based on a hearsay rumor and that, under Singleton, the lack of actual notice relieved the state from its speedy trial burden. We disagree with this construction of Singleton because that decision also specifically noted that "both the state attorney and court below were totally unaware of the petitioner's whereabouts." 436 So.2d at 134 (emphasis added). One could easily infer that if the prosecutor in Singleton had not been "totally unaware" of the defendant's location, then the result reached by the court might have been different.
In a more recent case, Tirado v. Reese, 478 So.2d 883 (Fla. 2d DCA 1985), the court held that the state had "constructive" knowledge of defendant's whereabouts because the sheriff of the county in which defendant was to be tried was aware that defendant had been released into the custody of the Department of Corrections to serve another sentence. This case supports Walker's argument that the state had sufficient notice of his location by virtue of the information received by the assistant state attorney. Since it is the responsibility of the state to arrange for the presence of a defendant at trial within the 180-day rule, Robbins v. State, 453 So.2d 877 (Fla. 2d DCA 1984), we fail to see how the state, through its assistant state attorney, could be excused from at least picking up the telephone and making a call to the Marion County sheriff's office to determine whether defendant was in fact incarcerated there. Particularly is this true where the information as to defendant's location comes from an HRS juvenile counselor. The effect of this simple lack of diligence by the state was that Walker was not brought to trial in Duval County until after his speedy trial time period had run. We decline to sanction this result, and remand with directions that the defendant be discharged.
REVERSED AND REMANDED.
SHIVERS and BARFIELD, JJ., concur.
NOTES
[1] Rule 3.191(e), Florida Rules of Criminal Procedure, states that a defendant is deemed unavailable for trial if "the person or his counsel is not ready for trial on the date trial is scheduled." (Emphasis added.)