## STATE OF FLORIDA v DAVIDSON

### Case No. 87-236 AC (County Court Case No. 88003,4,5)

Eleventh Judicial Circuit, Appellate Division, Dade County

August 16, 1988

### APPEARANCES OF COUNSEL

**John S. Thornton** Assistant Attorney General, for appellant.
**Patrick Nally, Essen & Essen, P.A.,** for appellee.
Before GERSTEIN, HENDERSON, MORENO, JJ.

### OPINION OF THE COURT

PER CURIAM

The order of the trial court dated July 22, 1987, granting the Defendant's motion for discharge based upon speedy trial violations is reversed and remanded for further proceedings, on the authority of

128

*State v Brown,* (Fla. 3d DCA Case No. 87-1484, opinion filed, May 10, 1988), *Blackstock v Newman,* 461 So.2d 1021 (Fla. App. 3 DCA 1985), and *State v Kelley,* 322 So.2d 581 (Fla. App. 1 DCA 1975).

The transcript indicates that at the scheduled trial set for June 10, 1987 the defendant's attorney stated that he was not ready and needed further discovery, and the Court granted the continuance and labeled it as a Court continuance. At the next scheduled trial date on July 1, 1987, the State announced ready, and the defendant announced that he was not ready and needed further discovery. The Court again granted the continuance and labeled it as a Court continuance because the defendant stated State witnesses did not appear for deposition.

In *Blackstock v Newman,* the Court stated:

". . .Any defense request to postpone a case for any period of time, whatever called, constitutes a motion for a continuance waiving speedy trial rule rights under *Butterworth.*"

In *Brown* the Court stated the rule:

". . . the asserted rule which permits a dismissal on speedy trial grounds for a defense moved continuance to a date beyond the applicable period requires, as it must, both (a) an actual state violation of the discovery rules and (b) a showing that late or inadequate discovery was furnished 'at a time which will not enable the defendant to make use of it in the preparation of his defense before the expiration of the speedy trial time limits . . .' "

We find that the Trial Court erred in charging the State with the continuance, as the defendant was not ready for trial and requested the continuance, and it should have been charged to the defendant, and specifically no violation of *Brown* appears.

REVERSED and REMANDED.