## STATE OF FLORIDA v NIRENBERG
### Case No. CJAP90-25
Ninth Judicial Circuit, Orange County
November 6, 1990

### APPEARANCES OF COUNSEL

**Paula C. Coffman, Esquire,** Assistant State Attorney, for appellant.

**William C. Hancock, II, Esquire,** Assistant Public Defender, for appellee.

### OPINION OF THE COURT

RICHARD F. CONRAD, Circuit Judge.

Oral argument is dispensed with on the Court's own motion pursuant to Fla.R.App.P. 9.320.

Appellee's Motion for Discharge was granted by the trial court for

failure of the State to bring him to trial within the speedy trial period as provided in Rule 3.191 of the Rules of Criminal Procedure. The State appealed.

The events surrounding the defendant's arrest were established only through argument of counsel at the hearing on the Motion for Discharge. No testimony was taken. Apparently, on January 2, 1988, the defendant was stopped in Osceola County by both Orange County and Osceola County deputies after a chase that had begun in Orange County, Florida. Defendant was arrested and taken into custody by Osceola County deputies. He also was issued a notice to appear by Orange County deputies. There remains a factual dispute as to whether Orange County deputies were aware that the defendant was arrested and taken into custody by Osceola County deputies.

The defendant was incarcerated in the Osceola County jail for a short time before being transferred to Broward County to answer charges pending against him there. He was convicted in Broward County, and was not released from custody of the Department of Correction until July 25, 1989. Upon his release, he moved to discharge the charges against him in Orange County because he had not been tried within 90 days.

The State argued that the defendant's motion should be denied because he was not continuously available for trial, having missed the court appearance required by the Notice to Appear by virtue of his incarceration. The trial court granted the Motion to Discharge. The trial court stated that it was compelled to rule in accord with the Fifth District Court of Appeal cases in *Holmes v Leffler,* 411 So.2d 889 (Fla. 5th DCA 1982) and *Carter v State,* 509 So.2d 1126 (Fla. 5th DCA 1987), finding that the question of whether Orange County had knowledge of the defendant's incarceration in another county was irrelevant, and that defendant's failure to appear was the fault of the State.

The cases relied upon by the trial court, however, are factually distinguishable and are inapposite to the issue at hand. In *Holmes,* the defendant did not fail to attend a proceeding at which his presence was required and there was no showing that he was unprepared for trial. Therefore, the defendant did not fall within the definition of "unavailable for trial" as set out in Rule 3.191(e). The issue of the county's knowledge of his incarceration in another county was thus rendered irrelevant. The facts of *Carter* are not applicable to this case; there the court addressed a different subsection of Rule 3.191.

Under the rule described in *State v Rasul,* 468 So.2d 1088 (Fla. 2d

**13**

DCA 1985), *Tirado v Reese,* 478 SO.2d 883 (Fla. 2d DCA 1985), *Robbins v State,* 453 So.2d 877 (Fla. 2d DCA 1984), and *Singleton v Gross,* 436 So.2d 132 (Fla. 3d DCA 1982), whether Orange County had knowledge of the defendant's incarceration in another county is dispositive of the issue of the defendant's availability for trial. If Orange County had actual or constructive knowledge of the defendant's whereabouts, the defendant's failure to appear will not render him "unavailable for trial" as defined in Rule 3.191(e). In this case, no factual determination was made as to whether the Orange County deputies know or should have known that the defendant was in custody os Osceola or Broward County.

Therefore, an evidentiary hearing is necessary to determine whether Orange County had knowledge of the defendant's incarceration.

REVERSED AND REMANDED for proceedings consistent with this Opinion.

No petition for hearing shall be entertained. The Clerk is directed to issue MANDATE forthwith.