PATTERSON, Judge.
On January 7, 1987, the state charged Mitchell Mick by information with uttering a forged check and grand theft, which offenses occurred on February 27, 1986. On January 20, 1987, a capias for Mick’s arrest was issued, but he could not be located. At that time, Mick was being held in the Pinel-las County Jail under his true name of Gerald Taylor. In March 1989, Mick was arrested in Polk County on the outstanding capias.
After a number of continuances and a change in court appointed counsel, on June 28, 1990, Mick filed a motion to dismiss, asserting violation of his constitutional right to speedy trial because of the delay of almost two years between the issuance of the capias and his arrest. He asserted that the state knew that Mitchell Mick and Gerald Taylor were one and the same person because: (1) on January 13, 1986, he was placed on community control in Pinellas County under the name of Gerald Taylor; (2) on August 28,1986, Taylor’s community control officer filed an affidavit of violation of community control which alleged that Taylor had been arrested for grand theft and uttering a forged check by signing a check with the name of Mitchell Charles Mick; (3) on July 15, 1986, a Tampa police detective executed a criminal report affidavit in Hillsborough County that reflected that Gerald Taylor was also known as Mitchell Mick; and (4) on June 10,1986, the Lakeland Police Department charged Mitchell Mick, also known as Willie Frank Bailey, with uttering forged instruments.
On July 17, 1990, the trial court conducted an evidentiary hearing on the motion to dismiss, treating the motion as a motion to discharge. At the hearing, Mick testified that the delay in his arrest resulted in the loss of records and potential witnesses which could establish his whereabouts on the date of this offense. It was also shown that Mick had obtained a Florida driver’s license in 1985 under the name of Mitchell Charles Mick. At the close of argument by counsel, the trial court granted the motion.
The delay in this case was conceded by the state at the July 17 hearing to be presumptively prejudicial. We therefore direct our attention to whether the delay was justified or resulted from negligence on the part of the state. See Howell v. State, 418 So.2d 1164, at 1171-72 (Fla. 1st DCA 1982). It is undisputed that Mick was incarcerated in the Pinellas County Jail on the date the capias was issued, where he could have been arrested for the present offense. Thus, the question narrows to whether the Pinellas County authorities had actual or constructive notice that, at that point in time, Mick and Taylor were one and the same person.
Although the record shows the Tampa Police Department and the Lake-land Police Department had actual notice that Mick and Taylor were the same person, there is no evidence that any agency of Pinellas County was provided with the information. Nor is there a basis in the record to impute constructive knowledge of these facts to any agency of Pinellas County. See State v. Rasul, 468 So.2d 1088 (Fla. 2d DCA 1985).
This is not a case of Mick being incarcerated under an alias which might be readily ascertainable in a standard records check.[1] Mick was incarcerated under his true name, Taylor. The trial judge apparently concluded that the state had actual notice of Mick’s identity because of the affidavit of the community control officer, which was part of Taylor’s Pinellas County court file and the corresponding file of the state attorney’s office. She stated, “Didn’t we, in fact, have that in the case he was on community control for, because we have his name as Gerald Alfred Taylor, [sic] He’s charged with violation using the a/k/a as Mitchell Mick.” The pertinent part of that affidavit reads:
Further, on 5/6/86, [Taylor] signed the name of Mitchell Charles Mick, on a check and issued the check to Betty *749 Chamblis, at the Florida National Bank in return for $675 cash, and has been charged with Grand Theft Second Degree and Uttering a Forged Instrument.
Nowhere does the affidavit state that Taylor was also known as Mick or that Taylor used the alias of Mick. It says that Taylor signed the name of a person named Mick on a check and, as a result, was charged with uttering a forged instrument. It is insufficient on its face to give the prosecution or the court actual or constructive notice that Taylor and Mick were one and the same person.
When a fugitive is incarcerated under circumstances such as these, in that the prosecution and court have no knowledge of his whereabouts, he is not available for trial and suffers no deprivation of his constitutional right to speedy trial. See Singleton v. Gross, 436 So.2d 132 (Fla. 3d DCA), review denied, 436 So.2d 100 (Fla.1983).
Accordingly, we set aside the order granting the appellant’s motion to dismiss and remand for further proceedings consistent with this opinion.
Reversed and remanded.
HALL, A.C.J., and ALTENBERND, J., concur.

. The record contains a computer printout of the court records of Pinellas County which re-fleets that Mick had no known alias.