988 So.2d 1280 (2008)
STATE of Florida, Appellant,
v.
James A. THOMAS, Appellee.
No. 5D07-2550.
District Court of Appeal of Florida, Fifth District.
August 29, 2008.
Bill McCollum, Attorney General, Tallahassee, and Allison Leigh Morris, Assistant Attorney General, Daytona Beach, for Appellant.
Michael W. Johnson, Ocala, for Appellee.
TORPY, J.
The State seeks review of an order of discharge under the speedy trial rule.[1] Our disposition of this case turns on the effect of defense counsel's agreement to a trial date outside the recapture window.[2] We conclude that by agreeing to a trial date outside the recapture window, the recapture period was extended to that date. Accordingly, we reverse and remand this cause for trial.
On June 15, 2007, Appellee's counsel filed a notice of expiration of the time for speedy trial. The court held a hearing on the notice on June 20, 2007. The court attempted to set the trial for July 2, 2007, which would have been within the recapture period.[3] In response to the proposed *1281 trial date, the prosecutor explained that she was unavailable that week because she would be out of town. The defense attorney stated "Let's not do July 2nd. I think  I think I'm going to have a case with Judge Lambert that's going to be tried that week...." The court then suggested July 9 and asked defense counsel if that was acceptable. He responded: "Sure, judge." However, on July 9, 2007, Appellee filed a motion for discharge, which the trial court granted without explanation.
We conclude that our disposition of this case is controlled by our decision in State v. Livingston, 475 So.2d 1328 (Fla. 5th DCA 1985). There, the speedy trial deadline was set to expire on October 1, 1984. During a September 20, 1984, docket call, the court set the trial during the trial week commencing October 1, 1984. When the prosecutor suggested that the case be scheduled for a time certain on Thursday of the trial week (October 4), defense counsel stated that he had no objection to that date. However, on October 3, defense counsel filed a motion to discharge, which the trial court granted. In reversing the discharge, we held that "[w]hen the defendant agreed to a trial date outside the speedy trial time, speedy trial was thus extended to the agreed upon date...." Id. at 1329.
Appellee urges that Livingston is distinguishable because, there, speedy trial had not yet expired when the defense agreed to the trial date. We think this distinction is unpersuasive. Here, although the speedy trial period had already run at the time counsel agreed to the trial date, the recapture period had not yet expired. Thus, as in Livingston, the defense's agreement to the trial date prejudiced the State because it could have timely tried Appellee had it not relied upon the agreement.
We have not overlooked Walker v. State, 492 So.2d 772 (Fla. 1st DCA 1986), upon which Appellee places heavy reliance. In that case, counsel's agreement to the trial date did not prejudice the State because the speedy trial period had already run and there was no applicable recapture window. See Adams v. State, 780 So.2d 955, 957-58 (Fla. 4th DCA 2001) (explaining that Walker addressed prior version of rule requiring automatic discharge).
REVERSED and REMANDED.
PALMER, C.J. and SAWAYA, J., concur.
NOTES
[1] Fla. R.Crim. P. 3.191.
[2] Fla. R.Crim. P. 3.191(p).
[3] The tenth day following the hearing was Saturday, June 30, 2007.