COBB, W., Senior Judge.
 

 The State has appealed the trial court’s order of discharge of the defendant McIntyre (charged with four counts of sexual battery on a child under twelve) based upon the trial court’s finding that his right to a speedy trial had been violated.
 

 The legal issue presented is whether a .criminal defendant who waives speedy trial by a last-minute motion for a psychiatric evaluation
 
 [1]
 
 can subsequently obtain a discharge under the speedy trial rule in the absence of any constitutional claim and without the subsequent filing of any procedural demand for speedy trial. The answer to that question is
 
 no. See State v. Naveira,
 
 873 So.2d 300 (Fla.2004);
 
 Szembruch v. State,
 
 910 So.2d 372 (Fla. 5th DCA 2005);
 
 State v. Gibson,
 
 783 So.2d 1155 (Fla. 5th DCA 2001).
 

 This case is distinguishable from
 
 State v. Agee,
 
 622 So.2d 473 (Fla.1993), which is relied upon by the Appellee. In
 
 Agee
 
 there was no waiver by the defendant of his procedural light to a speedy trial. Given the instant waiver and absence of subsequent demand for a speedy trial, and despite an intervening
 
 nolle pros
 
 and refilling, we agree with the State that this action was not barred.
 

 REVERSED and REMANDED for trial.
 

 TORPY and LAWSON, JJ., concur.
 

 [1]
 

 . At the time this motion was granted the trial court noted that it constituted a waiver of the speedy trial rule and the defense has never contended otherwise.
 
 See
 
 Fla. R. Crim. P. 3.191(j)(2) and (k);
 
 see also State v. Thomas,
 
 988 So.2d 1280 (Fla. 5th DCA 2008).