PER CURIAM.
This appeal involves whether “exceptional circumstances” existed under rule 3.191(f), Florida Rules of Criminal Procedure, so as to permit , an extension by the trial court of the speedy trial time period *517 established by rule 3.191(g). We conclude that such circumstances did not exist and that therefore the trial court erred in denying appellant’s motion for discharge.
Appellant was tried and found guilty by a jury. Subsequently, appellant’s motion for a new trial was granted on June 8,1981. His retrial should have taken place within 90 days from the date of the order granting the motion for new trial. Fla.R.Crim.P. 3.191; State v. Jenkins, 389 So.2d 971, 975 (Fla.1980). However, on August 18, 1981, the trial court granted an extension of the time for the retrial, over the objection of defense counsel. The retrial thereafter took place more than 90 days after the date of that order.
The only basis shown for the extension was that on August 18, 1981, the initially scheduled retrial date, appellant was incarcerated within the state prison system, and no order to transport him to court had been sought or obtained. The trial court then rescheduled the retrial to a future date, saying that the rescheduled date would permit appellant to be transported one time for both pretrial conference and retrial. There was no showing that appellant was responsible for the delayed retrial.
The failure of the state to transport defendant to court on the initially scheduled retrial date and the desire to avoid transporting appellant twice do not constitute “exceptional circumstances” as defined by rule 3.191(f). In fact, that rule provides that “exceptional circumstances shall not include .. . lack of diligent preparation or ... other avoidable .. . delays.”
The judgment and sentence appealed from are REVERSED and the cause REMANDED to the trial court with directions to discharge the appellant.
GRIMES, Acting C.J., and CAMPBELL and LEHAN, JJ., concur.