ROBERT P. SMITH, Jr., Chief Judge.
By this appeal Gaskins asserts that his Rule 3.191 right to a speedy trial was violated when his Leon County trial was continued from a date within the 180-day period to a date beyond it. Fla.R. Crim.P. 3.191. That Gaskins was incarcerated in Calhoun County on other charges, at the time of his originally scheduled trial, cannot of itself have justified an extension of the prescribed period for trial, for ordinarily the duty to produce an incarcerated defendant for trial is the State’s. E.g., Lee v. State, (Fla. 2d DCA 1983) [8 FLW 1151]. Yet Gaskins’ incarceration beyond Leon County presented problems to his counsel in preparation for trial, and one week before the originally scheduled trial Gaskins’ counsel reported to the trial judge:
Well, we [have] a slight problem getting Mr. Gaskins here Monday. I haven’t been able to find him. And I got a call yesterday, our office did, that he was just convicted of grand theft over in Calhoun County and he resides in the Calhoun County Jail. And I haven’t had a chance to go see him.
Gaskins’ counsel made no request that Gas-kins be brought forthwith to Leon County for pretrial preparation. The trial judge responded, “No trial.” In these circumstances, though Gaskins’ counsel did not in terms move for a continuance in order to prepare his defense, the court justifiably regarded counsel’s statement as having that effect, and properly denied the subsequent motion for discharge. See State v. Fraser, 426 So.2d 46 (Fla. 5th DCA 1983).
AFFIRMED.
WENTWORTH and ZEHMER, JJ., concur.