468 So.2d 1088 (1985)
STATE of Florida, Appellant,
v.
Natal RASUL, Appellee.
No. 84-1055.
District Court of Appeal of Florida, Second District.
May 15, 1985.
Jim Smith, Atty. Gen., Tallahassee, and Charles Corces, Jr., Asst. Atty. Gen., Tampa, for appellant.
James Marion Moorman, Public Defender; and Douglas P. Chanco, Asst. Public Defender, Bartow, for appellee.
FRANK, Judge.
The state appeals the trial court's application of the speedy trial principle. We must consider whether the appellee was continuously available for trial in order to determine whether the trial court's discharge of him was proper under Rule 3.191(e) of the Florida Rules of Criminal *1089 Procedure. We conclude the appellee was not continuously available for trial, that his discharge was not justified, and we reverse.
The appellee, who had been released on his own recognizance on April 18, 1983, after being booked for grand theft, failed to appear for a pre-trial conference in Polk County on July 12, 1983. He had been arrested in Lee County on May 25, 1983, and was incarcerated there at the time of his Polk County pre-trial. On August 10 or 12, 1983, the Lee County sheriff's Office notified the Polk County sheriff's Office that the appellee was in Lee County. The Polk County sheriff placed a detainer on him but did not notify the Polk County judge or the state attorney of that action.
The appellee was found guilty of the charges in Lee County on November 7, 1983. He was returned to the Polk County jail on March 27, 1984. On April 27, 1984, he filed his motion for discharge, which was granted.
When the appellee failed to appear for pre-trial he became "unavailable for trial" under Rule 3.191(e). Even though his absence was due to his incarceration in Lee County, of crucial importance is the lack of knowledge of that fact by the court, prosecutor, or sheriff of Polk County. Therefore, his imprisonment in another county did not render him "available" for trial. Garnett v. State, 457 So.2d 1144 (Fla. 3d DCA 1984); Singleton v. Gross, 436 So.2d 132 (Fla. 3d DCA 1983). No basis exists for imputing constructive knowledge of the appellee's whereabouts to the Polk County sheriff or to any officer of the Polk County court. The appellee's jailed status in Lee County distinguishes this case from those upon which he relies, such as Richardson v. State, 340 So.2d 1198 (Fla. 4th DCA 1976), and Ramos v. Amidon, 263 So.2d 602 (Fla. 2d DCA 1972). In those cases, there was no indication that either the State or the trial court was not cognizant of the defendant's whereabouts. Accordingly, there is no deprivation of the speedy trial right upon which to sustain the appellee's discharge.
Reversed.
GRIMES, A.C.J., and
SCHOONOVER, J., concur.