478 So.2d 883 (1985)
Joseph A. TIRADO, Petitioner,
v.
Thomas S. REESE, As Judge of the Circuit Court for the Twentieth Judicial Circuit, Lee County, Respondent.
No. 85-2376.
District Court of Appeal of Florida, Second District.
November 22, 1985.
*884 Douglas M. Midgley, Public Defender and Marquin S. Rinard, Asst. Public Defender, Fort Myers, for petitioner.
Jim Smith, Atty. Gen., Tallahassee, and Michael J. Kotler, Asst. Atty. Gen., Tampa, for respondent.
PER CURIAM.
Joseph Tirado seeks a writ of prohibition barring the circuit court from proceeding to trial with felony charges in violation of the speedy trial rule.
Tirado was arrested in Lee County, August 13, 1984, for grand theft. Shortly thereafter, and while he was still in the custody of the Sheriff of Lee County, a detainer was lodged against him by the Department of Corrections. On September 24, 1984, Tirado was released on his own recognizance on the theft charge, and pursuant to the detainer, was transferred first to Fort Myers Community Correctional Center and later to Hendry Correctional Institution. Arraignment on the charge of grand theft was scheduled for October 1, but apparently no arrangements were made to secure Tirado's presence. When he did not appear, a bench warrant issued. This warrant remained in effect when Tirado was released from prison April 2, 1985, and went unserved until July 29. Following his arrest pursuant to the bench warrant, Tirado moved for discharge, and upon denial of the motion by the court below sought this writ of prohibition.
Under Florida Rule of Criminal Procedure 3.191(d)(3), a defendant may not avail himself of the 180-day speedy trial limit if at any time during the period he was "unavailable for trial." Ordinarily, a defendant who fails to appear for a scheduled court appearance is considered to have voluntarily rendered himself unavailable. The trial court found that Tirado was unavailable for trial by virtue of his incarceration in state prison and denied the motion for discharge on the authority of State v. Rasul, 468 So.2d 1088 (Fla. 2d DCA 1985).
More closely akin to the case at bar than Rasul is Robbins v. State, 453 So.2d 877 (Fla. 2d DCA 1984). There, we held that where the authorities are aware that a defendant with an upcoming court appearance is incarcerated elsewhere, it is their responsibility to produce him. Rasul is dintinguishable. In that case the defendant had been released on bond for felony charges in Polk County when arrested and jailed in Lee County. As a result he missed a necessary Polk court appearance. Of crucial importance to our conclusion that Rasul was unavailable and thus not entitled to discharge was the fact that no one among law enforcement or court personnel in Polk County knew of Rasul's out-of-county incarceration at the time of his court date. But whereas Rasul's absence was at least partly his own doing, Tirado's was brought about solely by the consent of one governmental custodian at the request of another.
The court below also appears to have construed Rasul to require actual knowledge of the defendant's whereabouts on the part of everyone involved ... sheriff, prosecutor, and judge. We reject so strict an interpretation of Rasul. Had any of those parties known that Rasul was safely immobilized elsewhere, the result in that case might have been different. Consistent with the abiding doctrine that state action cannot interfere with the exercise of constitutional rights is the imputation of actual or constructive knowledge of a defendant's whereabouts in situations such as that faced by Tirado. It is not realistic to require a judge or prosecutor to keep tabs on every defendant scheduled to appear before the court. On the other hand the sheriff, as executive officer of the circuit court[1] and warden of a county jail populated largely by pretrial detainees, may fairly be expected to monitor the courtroom obligations of his charges. Further, whenever a jail inmate, particularly one with pending charges in that county, is handed over to the state prison system or to another county, it is not unreasonable to expect the *885 sheriff to notify the appropriate local authorities of the transfer. In short, the authorities here knew or should have known that Tirado was not free to appear in court of his own volition, and should have taken steps to produce him in timely fashion.
There has been no showing that Tirado was for any reason unavailable for prompt and timely delivery to his arraignment. Instead, he appears simply to have been delivered to the state prison system and permitted to serve out his sentence. The 180-day speedy trial period expired well before his eventual release and therefore he was entitled to discharge. The petition for writ of prohibition is granted.
GRIMES, A.C.J., and SCHEB and SCHOONOVER, JJ., concur.
NOTES
[1] § 26.49, Fla. Stat. (1983).