## DIAZ v STATE OF FLORIDA

### Case No. 85-277 AC (County Court Case No. 85-57474)

Eleventh Judicial Circuit, Appellate Division, Dade County

June 9, 1987

#### APPEARANCES OF COUNSEL

**Bennett H. Brummer,** Public Defender, and **Harvey J. Sepler,** Assistant Public Defender, for appellant.

**Jim Smith,** Attorney General, and **Debora J. Turner,** Assistant Attorney General, for appellee.

Before TENDRICH, KAYE, MASTOS, JJ.

#### OPINION OF THE COURT

MASTOS, T.G., Judge.

The issue on appeal concerns whether the trial court erred in denying the defendant's Motion to Discharge for a speedy trial violation. Because we are of the opinion that the trial court improperly

charged the defendant with a continuance for his unavailability at trial due to his incarceration in the Dade County Jail on the morning of trial, the order denying defendant's Motion to Discharge must be reversed and the defendant hereby forever discharged for prosecution.

It is well established that when a defendant is incarcerated at the time of trial, such that the state has exclusive control over his ability to appear at trial, and that the state has either actual or constructive notice of the defendant's incarceration, it is the state's responsibility to locate the defendant and transport him to trial.

In this case, the defendant was incarcerated for unrelated charges on the morning of trial. The defendant's custodian notified the state prior to trial that the defendant was in the Dade County Jail. The arrest form listed the police station to which the defendant had been taken following his early morning arrest. The state admitted on the morning of trial that it had already checked with the corrections as to the defendant's whereabouts. The undisputed evidence indicated that the state had actual notice of the defendant's pre-trial incarceration. Even if the state could not pinpoint his exact location in the Dade County Jail with microscopic certainty at that precise moment in time, nonetheless, the state had constructive notice of his whereabouts under the law.

Where the state has the required notice of the defendant's incarceration, it has the responsibility—as a matter of law—to ensure his appearance at trial. When it fails to satisfy its responsibility, the defendant cannot be said to have been unavailable for trial for speedy trial purposes. See *Hood v. State*, 415 So.2d 133, 134 (Fla. 5th DCA 1982); *Tirado v. State*, 478 So.2d 883, 884 (Fla. 2d DCA 1985); *Robbins v. State*, 453 So.2d 877, 878 (Fla. 2d DCA 1984); *Gaskin v. State*, 433 So.2d 27, 28 (Fla. 1st DCA 1983); *Lee v. State*, 430 So.2d 516, 517 (Fla. 2d DCA 1983).

Reversed and remanded with directions to discharge the defendant.

Tendrich and Kaye, JJ., concurring.