PER CURIAM.
In these consolidated misdemeanor cases the petitioners seek a writ of certiorari from the circuit court’s order affirming county court orders denying their motions for discharge under the speedy trial rule. We grant their petition.
Spitzer was arrested in Polk County on August 10, 1985, for DWI and driving with no operator’s license. He was released on his own recognizance. He was supposed to appear for arraignment on August 28 at the Polk County branch courtroom in Winter Haven, but he was jailed in Bartow on another charge on August 23. He was brought to court for arraignment on the charges involved in this case on September 11, 1985. On November 13 he filed a motion for discharge, asserting that he had been continuously available for trial but was not tried by November 8 (ninety days from August 10), contrary to the speedy trial rule. When the county court denied his motion on November 15, 1985, he entered a nolo contendere plea to the misde *1159 meanors but reserved the right to appeal the denial of his motion for discharge.
Barron was arrested in Polk County on July 7, 1985, for DWI and driving with a suspended or revoked license. He was released on his own recognizance. After pleading not guilty at the Polk County branch courtroom in Haines City on July 23, he was supposed to return there on August 27 for a pretrial conference. He did not appear. On August 21, he had been arrested on another charge and placed in jail in Bartow. He was brought to court on September 11. On November 20 he filed a motion for discharge, asserting that he had been continuously available for trial but was not tried by October 5, (ninety days from July 7, 1985) contrary to the speedy trial rule. The county court denied his motion on December 23, 1985, incorporating by reference its written opinion in Spit-zer. Barron entered a nolo contendere plea to the misdemeanors but reserved the right to appeal the denial of his motion for discharge.
The petitioners contend that it was the fault of the sheriff, not of petitioners that they did not appear for their scheduled court dates. They argue that the sheriff knew they were in jail and that, especially since his office compared the inmate roster against the court docket at the main courtroom in Bartow daily, there should also have been a comparison of the roster with the court dockets at the branch courtrooms. Petitioners admit they did not prove they had requested to be transported to their court appointments, but argue that it would have been futile because the chief bailiff testified that any such requests would not have been honored unless the petitioners’ names had appeared on the Bartow docket. Petitioners assert that the sheriff had custody of them and, in the words of Tirado v. Reese, 478 So.2d 883, 884 (Fla. 2d DCA 1985), failed “to monitor the courtroom obligations of his charges.” Thus, the petitioners state they were “available” for trial within the meaning of rule 3.191(e).
The county court held that the petitioners had failed to prove that they were continuously available for trial. In Spit-zer’s case the court found that he was unavailable for trial from August 23 to September 11. In Barron’s case the court found that he was unavailable for trial from July 7 until September 11. Thus, these periods were found to have extended the state’s ninety day time frame in which to bring the petitioners to trial. The county court also found that neither the county prosecutor nor the county judge had any knowledge that petitioners were in jail in Bartow. The court found that although the sheriff could be charged with knowledge that the petitioners were in his jail, the sheriff did not know they had pending court dates in the outlying branch courtrooms in Winter Haven and Haines City since only the Bartow court docket was available to the sheriff or his agents.
The circuit court consolidated Spitzer’s and Barron’s appeals and affirmed the county court’s denial of their motions for discharge. The circuit court denied their timely motions for rehearing.
In its written opinion the circuit court noted that one difference between the circumstances of Spitzer and Barron was that Spitzer had been provided with a public defender when he first appeared in court and that the conditions of Spitzer’s release were binding upon the public defender as well as upon Spitzer. The court found no evidence that Spitzer, his attorney, or Barron had made any effort to advise the sheriff, his agents, the court, or the prosecutor that the petitioners had appointments to appear in court. Citing State v. Rasul, 468 So.2d 1088 (Fla. 2d DCA 1985), and purporting to distinguish Tirado and Walker v. State, 492 So.2d 772 (Fla. 1st DCA 1986), the circuit court affirmed the denial of the petitioners’ motions for discharge, saying,
It is, therefore, the opinion of the undersigned that, under the particular circumstances of these instant cases, i.e., that each appellant was released on his own recognizance with the obligation of keeping a court appearance date, and that each was subsequently arrested and incarcerated on unrelated charges, some timely significant effort should have been made by the appellants towards the keeping of the original date. A defendant who is ordered to appear under the *1160 conditions of a Release on Recognizance also owes the duty to advise, by effective methods, the appropriate authorities when he is unable to appear for any reason, including his subsequent incarceration. This consideration is manifest with respect to the terms of the original release. To the contrary, in the instance where the appellants make no effort whatever to abide by the conditions of their original release, they cannot now contend that they are entitled to the benefits of the running of the speedy trial time. It does not appear that the appellants were denied the right to communicate while they were in custody. (For example, see R.Cr.P. 3.130(b)(3).
We do not agree. As this court held in Tirado, no actual knowledge on the part of the sheriff is necessary to invoke an obligation on his part to produce a defendant who is in his jail for a scheduled court appearance in the same county. “[T]he sheriff, as ... warden of a county jail ... may fairly be expected to monitor the courtroom obligations of his charges.... [T]he authorities ... should have known that [defendant] was not free to appear in court of his own volition, and should have taken steps to produce him in timely fashion.” 478 So.2d at 884-85. See also Walker. In Rasul that obligation was not found to exist with reference to a scheduled court appearance in another county, i.e., a county different from that in which the defendant was jailed. The fact that petitioners’ court appearances were to be at branch offices at locations away from the city where they were in jail is, in our view, a distinction without a difference from Tirado. As in Tirado, their scheduled appearances were in the same county.
The petition for writ of certiorari is granted. The orders denying the motions for discharge are quashed. Petitioners shall be discharged.
DANAHY, C.J., and RYDER and LEHAN, JJ., concur.