RYDER, Acting Chief Judge.
Appellant appeals the trial court’s denial of his motion to discharge which was based on the speedy trial rule. Fla.R.Crim.P. 3.191. Appellant was arrested in Polk County for armed robbery (a felony charge) on December 23, 1984. He was released on his own recognizance and arrested again in Polk County on unrelated misdemeanor charges on March 14, 1985.
Arraignment for the felony charge was scheduled for April 1, 1985. Appellant failed to appear at the April 1 felony arraignment because he was in the Polk County jail on the unrelated misdemeanor charges. He was released from the Polk County jail on July 10, 1985 and filed a motion to discharge as to the felony charge on July 12, 1985 (201 days after he was arrested for that charge).
On August 26,1985, the trial court held a hearing on the motion,[1] and summarily denied the motion at a pretrial conference on September 9, 1985. Appellant was tried by jury and found guilty of armed robbery as charged. We reverse.
The state argues that appellant was “unavailable for trial” under the speedy trial rule, therefore, the trial court’s denial of the motion was proper. The case law in this area developed by this court dictates otherwise. In Robbins v. State, 453 So.2d 877 (Fla. 2d DCA 1984), a similar factual situation, we held that when the authorities in the county where a defendant has filed a motion for discharge have knowledge that the defendant is being held in another county, the speedy trial time continues to run and the defendant is not considered “unavailable for trial” under Florida Rule of Criminal Procedure 3.191(e). In a later case, we determined that there is “[n]o basis ... for imputing constructive knowledge” of a defendant’s whereabouts when the evidence indicates that the authorities had no knowledge that the defendant was incarcerated in another county. State v. Rasul, 468 So.2d 1088, 1089 (Fla. 2d DCA 1985). In Rasul, the trial court had ordered the defendant discharged and we reversed. Next, we considered a situation where the defendant had been transferred out of the county jail to a state correctional institution with the county sheriff’s knowledge. Tirado v. Reese, 478 So.2d 883 (Fla. 2d DCA 1985). We held that Tirado’s absence “was brought about solely by the consent of one governmental custodian at the request of another,” and we imposed upon the sheriff, “as executive officer of the circuit court,” an affirmative duty to “monitor the courtroom obligations of his charges” and to “notify the appropriate local authorities of ... transfer[s].” Id. at 884-85.
Most recently, and with facts most closely paralleling the facts in the case sub judice, we held that a sheriff is considered to have constructive knowledge of his *1147 charges same county” court appearances, even if that appearance is at a branch office of the court. Barron v. State, 509 So.2d 1158, 1160 (Fla. 2d DCA 1987). In the instant case, the sheriff of Polk County had the duty to monitor appellant’s (his prisoner’s) Polk County Court obligations. Appellant’s absence at the April 1 arraignment was due to the sheriff’s failure to so monitor and produce the body at the required time and place. Therefore, appellant was “continuously available for trial” and his motion for discharge should have been granted.
We reverse and set aside appellant’s conviction and sentence and reverse the trial court’s order denying appellant’s motion for discharge. We remand the case with instructions that appellant be discharged for the crime charged in this case.
Reversed and remanded with instructions.
SCHOONOVER and LEHAN, JJ., concur.

. Although not determinative of our outcome in this case, we note that the lapse of forty-five days between the filing of the motion and the hearing on the motion does not comply with the requirements of Florida Rule of Criminal Procedure 3.191(i)(4).