558 So.2d 176 (1990)
Walter PILGRIM, Petitioner,
v.
Honorable Maynard F. SWANSON, Jr., Circuit Judge, Sixth Judicial Circuit, Respondent.
No. 89-01514.
District Court of Appeal of Florida, Second District.
March 16, 1990.
Robert E. Jagger, Public Defender, and William P. Leach, Asst. Public Defender, Dade City, for petitioner.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Stephen A. Baker, Asst. Atty. Gen., Tampa, for respondent.
PER CURIAM.
This petition for writ of prohibition presents a speedy trial scenario which falls midway between two lines of authority and, thus, poses a novel issue. The petition is brought after the denial of a motion for discharge and the granting of an extension of the speedy trial time.
Pilgrim was charged with grand theft in Pinellas County. He also faced a murder charge in Hillsborough County and was incarcerated in the Hillsborough County jail. It is not only undisputed but affirmatively appears from the record that the Pinellas County authorities knew of Pilgrim's whereabouts at all times during the running of the speedy trial time on the Pinellas County charge. The circuit judge in Pinellas County issued several transportation orders to obtain Pilgrim from the Hillsborough County jail but without success. There are brief remarks of counsel at several hearings in the record indicating that the transportation order was not honored by the Hillsborough County sheriff, based on the order of a Hillsborough County circuit judge.
The case law applying the speedy trial rule to a multiple county situation can be said to involve two lines of authority. On the one hand, if a defendant is charged in one county but incarcerated in another without the knowledge of the first county, no knowledge is imputed to the first county. Therefore, the defendant is considered "unavailable" for trial in the first county within the meaning of rule 3.191(e), Florida Rules of Criminal Procedure. See State v. Rasul, 468 So.2d 1088 (Fla. 2d DCA 1985); *177 Garnett v. State, 457 So.2d 1144 (Fla. 3d DCA 1984); Singleton v. Gross, 436 So.2d 132 (Fla. 3d DCA 1983).
On the other hand, if the charging county has knowledge that the defendant is incarcerated in another county, the defendant is not considered "unavailable" for trial in the charging county. See Walker v. State, 492 So.2d 772 (Fla. 1st DCA 1986); Tirado v. Reese, 478 So.2d 883 (Fla. 2d DCA 1985); Robbins v. State, 453 So.2d 877 (Fla. 2d DCA 1984). In all three of these cases no real effort to obtain the defendant from the place of incarceration in another county was made by the charging county. As stated in Tirado, 478 So.2d at 885, the county in that case "should have taken steps to produce him in timely fashion."
We are presented here with a situation where the charging county knew of the defendant's incarceration in another county (unlike the first line of authority) but did make unsuccessful efforts to obtain the defendant's presence (unlike the second line of authority).
We are sympathetic to Pinellas County's dilemma in this case. That its efforts were not successful, however, was through no fault of the defendant.[1] Other than the transportation orders which were directed to the Sheriff of Hillsborough County, and a capias, the record does not indicate whether there were any other efforts, such as a formal application for judicial relief in Hillsborough County.[2] Thus we are not called upon to decide whether a more substantial, but also unsuccessful, effort to obtain Pilgrim would have sufficed to extend the speedy trial time. We find that under the facts of this case the denial of the motion to discharge was in error.
Therefore, we grant the petition and prohibit Pilgrim's trial on the grand theft charge.
SCHEB, A.C.J., and DANAHY and LEHAN, JJ., concur.
NOTES
[1] We can envision some circumstances where the refusal of a county to transport a prisoner back to another county for trial would be justified and in which defendant would be considered "unavailable" for trial. If, for example, the defendant had multiple charges with trials set in one county, or was in the midst of a very lengthy trial in that county, the defendant might be said to be "unavailable" for trial in another county during the same time period. In this case, although the murder charge was pending in the county of incarceration, there was no evidence, or even any allegation, that the Hillsborough County murder trial was scheduled or even imminent at the times that Pinellas County issued the transport orders.
[2] The transcript of the hearing on the motion for discharge does indicate a commendable administrative arrangement between Pasco County and the Chief Judge of Hillsborough County, apparently made as a result of this case, to effectuate the timely transportation of prisoners and prevent what happened in this case.