573 So.2d 185 (1991)
Wallace W. JONES, Appellant,
v.
STATE of Florida, Appellee.
No. 89-2952.
District Court of Appeal of Florida, First District.
January 18, 1991.
*186 Barbara M. Linthicum, Public Defender, and Paula S. Saunders, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., and Carolyn J. Mosley, Asst. Atty. Gen., Tallahassee, for appellee.
BARFIELD, Judge.
Jones appeals his conviction and sentence for attempted murder and grand theft. Because Jones was improperly denied discharge on the grounds of speedy trial, we reverse his convictions and direct that he be discharged.
Under Fla.R.Crim.P. 3.191 a person charged with a felony who is not brought to trial within 175 days is entitled to seek discharge on the grounds of the state's failure to afford him a speedy trial. Jones was first taken into custody on October 22, 1988. In April 1989 the 175-day period expired. The motion to discharge was filed July 27, 1989, denied July 28 without any appearance by defense counsel, reheard and denied again on August 7. Trial did not commence until October 11, 1989. The basis of the denial of discharge was Jones' failure to appear and resultant waiver of speedy trial on the basis of non-availability with regard to a January 26, 1989 pre-trial hearing. Jones did not appear because he was incarcerated in another county on other charges, and this fact had been made known to the court and the prosecutor.
A defendant incarcerated by the state is not unavailable such that his speedy trial rights are waived. Tirado v. Reese, 478 So.2d 883 (Fla. 2d DCA 1985); Robbins v. State, 453 So.2d 877 (Fla. 2d DCA 1984); State v. Dukes, 443 So.2d 471 (Fla. 5th DCA 1984). An exception to this general rule exists when the defendant is incarcerated in another county within the state, but no one on behalf of the state knows of his incarceration. Pilgrim v. Swanson, 558 So.2d 176 (Fla. 2d DCA 1990); State v. Rasul, 468 So.2d 1088 (Fla. 2d DCA 1985); Garnett v. State, 457 So.2d 1144 (Fla. 3d DCA 1984) review denied 464 So.2d 554 (Fla. 1985). The state has sufficient notice of an accused's presence in another county when so advised. Walker v. State, 492 So.2d 772 (Fla. 1st DCA 1986); State v. Rasul. If the defendant is in custody in the same county on other charges the state is charged with constructive knowledge of his whereabouts. Woods v. State, 514 So.2d 1145 (Fla. 2d DCA 1987); Barron v. State, 509 So.2d 1158 (Fla. 1987).
In the instant case the state clearly knew of Jones' whereabouts. When a defendant is incarcerated within the jurisdiction of the State of Florida, the state bears the burden of producing him. Pilgrim v. Swanson; Carter v. State, 509 So.2d 1126 (Fla. 5th DCA 1987); Robbins v. State; Tirado v. Reese; Gaskins v. State, 433 So.2d 27 (Fla. 1st DCA 1983).
Jones' conviction and sentence are reversed and set aside, and the case is remanded to the trial court with directions that he be discharged.
REVERSED AND REMANDED.
SMITH and WOLF, JJ., concur.