603 So.2d 514 (1992)
Robert Dean EDWARDS, Petitioner,
v.
Honorable Diana M. ALLEN, Judge of the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida, Respondent.
No. 91-03802.
District Court of Appeal of Florida, Second District.
May 13, 1992.
*515 Victor D. Martinez of Martinez & Kessler, Tampa, for petitioner.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Charles Corces, Jr., Asst. Atty. Gen., Tampa, for respondent.
PER CURIAM.
Petitioner, Robert Dean Edwards, seeks the issuance of a writ of prohibition to prevent the trial court from proceeding against him. He claims the trial court improperly denied his motion for discharge filed pursuant to Florida Rule of Criminal Procedure 3.191(d)(1).
The State Attorney of Hillsborough County filed an information on March 6, 1991, charging petitioner with the robbery of a convenience store in Hillsborough County. On March 6, the petitioner was in custody for other charges in the Pasco County jail. He had been in custody in Pasco County since at least February 19, 1991, the day a detainer warrant was issued on the Hillsborough County robbery. While the petitioner was in custody in Pasco County, he was informed of both the detainer warrant and the information regarding the Hillsborough County charge.
On August 24, 1991, the petitioner was transported to Hillsborough County to face the pending robbery charge. On August 29, 1991, which was 176 days after the information was filed, the petitioner filed a pro se motion for discharge. An attorney was appointed for the petitioner the day before the hearing on the motion for discharge. On the day of his appointment, the attorney filed a supplemental memorandum in which he wholly incorporated the facts set forth in the petitioner's pro se motion.
The trial court conducted a hearing on the motion for discharge within five days of the filing of the motion. The trial court denied the motion as premature for the reason that the petitioner was not "arrested" for speedy trial purposes until the day he was transported to Hillsborough County jail. The petitioner alleges that Hillsborough County knew that he was in custody in Pasco County since at least the filing of the information. The respondent does not contest this allegation.
The petitioner argues that in a situation such as this, where the charging county knows that a defendant is incarcerated in another county, the defendant is not unavailable for purposes of speedy trial. See Jones v. State, 573 So.2d 185 (Fla. 1st DCA 1991); Tirado v. Reese, 478 So.2d 883 (Fla. 2d DCA 1985); Robbins v. State, 453 So.2d 877 (Fla. 2d DCA 1984). He argues that speedy trial began to run on the date the information was filed because the charging county knew of his incarceration in another county. The facts of the cases cited by the petitioner, however, are distinguishable. In all of those cases, the defendant had been arrested for the conduct giving rise to the charge.
This case is governed by rule 3.191(a)(1), speedy trial without demand. That rule provides that the time period for speedy trial commences when the defendant "is taken into custody as defined under section (a)(4)." Rule 3.191(a)(4) provides that a person is taken into custody "when the person is arrested as a result of the conduct or criminal episode which gave rise to the crime charged." For purposes of speedy trial without demand, the time does not begin to run when a detainer warrant is issued from the charging county to place a hold on a prisoner incarcerated in another county. See State v. Bassham, *516 352 So.2d 55 (Fla. 1977); Cheeks v. Swanson, 541 So.2d 1346 (Fla. 2d DCA 1989). In other words, the issuance of the detainer warrant on the Hillsborough County charge did not constitute an "arrest" under subsection (a)(4). We further hold that the filing of the information did not constitute an "arrest" on the Hillsborough County charge. Thus, we agree with the trial court that the petitioner's motion for discharge was premature.
The petition for writ of prohibition is denied.
RYDER, A.C.J., and PARKER and PATTERSON, JJ., concur.