993 So.2d 1144 (2008)
Randy MAINWARING, Petitioner,
v.
STATE of Florida, Respondent.
No. 5D08-3080.
District Court of Appeal of Florida, Fifth District.
October 31, 2008.
Randy Mainwaring, Vero Beach, pro se.
Bill McCollum, Attorney General, Tallahassee and Ann M. Phillips, Assistant Attorney General, Daytona Beach, for Respondent.
PER CURIAM.
Randy Mainwaring petitions this court for a writ of prohibition, alleging that the speedy trial time has run and he is entitled to discharge with respect to the criminal charges facing him. Prior to our consideration of the petition, we remand for an evidentiary hearing to determine whether discharge is proper.
Mr. Mainwaring was arrested on two separate warrants, one issued by Orange County authorities and the other from Indian River County. While in custody in Indian River County, the petitioner filed a demand for speedy trial with regard to the Orange County charges. Apparently a transport order had been filed subsequent to the demand for speedy trial. The State, accordingly, concedes that it was aware of the petitioner's whereabouts at the time of the demand, but failed in their attempt to secure his presence in Orange County. The trial judge denied the motion for discharge based on "unavailability."
According to the State's response, it appears that Indian River may not have honored the Orange County transport orders based upon upcoming court dates scheduled in that county. The State agrees that an evidentiary hearing is required to determine whether the denial of discharge based on the "unavailability" of the petitioner was due to the petitioner's own fault, whether it was based on some action or inaction of the State, or whether it was somehow otherwise justified. If after a hearing the trial court determines that Mr. *1145 Mainwaring was unavailable, then he is not entitled to discharge. If on the other hand, the petitioner was available and did not otherwise waive his speedy trial rights, the motion for discharge should be granted.
Accordingly, this case is remanded for an evidentiary hearing on Mainwaring's motion for discharge.
REMANDED.
GRIFFIN, MONACO and TORPY, JJ., concur.