MONACO, J.
The petitioner, Randy Mainwaring, seeks entry of a writ' of prohibition, the intention of which is to secure a discharge of certain criminal charges against him because of a failure of the State to accord him a speedy trial. Upon consideration of his petition and the response of the State, we remanded this case to the trial court for an evidentiary hearing on the issues surrounding Mr. Mainwaring’s motion for discharge. See Mainwaring v. State, 993 So.2d 1144 (Fla. 5th DCA 2008). At the conclusion of the hearing the trial court held that the motion for discharge was “not valid,” because “his demand for speedy was stricken ... because we’ve determined he was unavailable for trial and made himself unavailable for trial.” We conclude, however, that under rule 3.191, Florida Rules of Criminal Procedure, Mr. Mainwaring was not unavailable for trial in the sense that term is used in subdivision (k) of the rule, and is, therefore, entitled to discharge. Accordingly, we grant the petition.
Mr. Mainwaring was charged with the commission of various crimes in both Indian River County and Orange County, and was arrested on two warrants, one from each jurisdiction. He was lodged in the Indian River County jail awaiting disposition of the crimes he committed in that county at all times material to our determination of this issue. On June 14, '2008, Mr. Mainwaring filed a pro se demand for speedy trial in the circuit court for Orange County. A week later, however, that court struck the demand, holding that, as Mr. Mainwaring was in the Indian River jail, he was unavailable for trial. It appears from the testimony and documents admitted at the evidentiary hearing that the trial judge had issued a transport order directing that Mr. Mainwaring be transported to Orange County prior to July *988 10th, purportedly so that the appropriate rule 3.191 hearing could be held. Mr. Mainwaring did not attend that hearing, however, because he was never transported from Indian River County. According to a letter from the Orange County Sheriffs Office, Indian River County declined to release him to Orange County because he was scheduled for a court hearing in Indian River County about a week later. The Orange County Circuit Court thus deemed Mr. Mainwaring to be “unavailable,” and struck his demand.
After waiting the fifty days required by rule 3.191 the petitioner then filed his notice of expiration of speedy trial time. The Orange County circuit judge apparently issued another transport order, which Indian River once again declined to honor. The testimony, although confusing, suggests that Indian River would not comply with the transport order once again because Mr. Mainwaring had a court date. The Orange County circuit court once again struck the notice of expiration because it deemed Mr. Mainwaring to be unavailable.[1] Fifteen days later, Mr. Mainwaring filed his motion for discharge. When he was not discharged, he sought prohibition in this court.
Rule 3.191(k) indicates that a person is unavailable for trial if the person or that person’s counsel fails to attend a proceeding at which the presence of either is required, or if the defendant or his or her counsel is not ready for trial. If a defendant has not been available for trial during the term provided in the rule, that person is not entitled to be discharged. The rule continues:
No presumption of nonavailability attaches, but if the state objects to discharge and presents any evidence tending to show nonavailability, the accused must establish, by competent proof, availability during the term.
As noted previously, we remanded this matter to the trial court for an evidentiary hearing on the motion for discharge. In particular we were interested in whether, in fact, Mr. Mainwaring was unavailable. In summary, the trial court determined that the petitioner was unavailable for trial through his own fault simply because he was incarcerated in another county, and the other county declined to transport him to Orange County for trial. The case law, however, does not support that conclusion.
Rule 3.191(b) authorizes a person charged with a crime to demand a trial within sixty days by filing a demand for speedy trial with the trial court and serving a copy on the prosecuting attorney. The trial court is then required within five days of the demand to hold a calendar call for the “express purposes of announcing in open court receipt of the demand and of setting the case for trial.” Fla. R.Crim. P. 3.191(b)(1). At the calendar call the court is to set the case for trial to commence no less than 5 days, nor more than 45 days from the date of the call. Thereafter, if the defendant has not been brought to trial within fifty days of the filing of the demand, he or she shall have the right to seek the appropriate remedy outlined in subdivision (p) of rule 3.191. Subdivision (p)(2) and (3), which are relevant to our inquiry, read as follows:
(2) At any time after the expiration of the prescribed time period, the defendant may file a separate pleading entitled “Notice of Expiration of Speedy Trial Time,” and serve a copy on the prosecuting authority.
(3) No later than 5 days from the date of the filing of a notice of expiration of *989 speedy trial time, the court shall hold a hearing on the notice and, unless the court finds that one of the reasons set forth in subdivision (j) exists, shall order that the defendant be brought to trial within 10 days. A defendant not brought to trial within the 10-day period through no fault of the defendant, on motion of the defendant or the court, shall be forever discharged from the crime. (Emphasis supplied).
Subdivision (j) of the rule defines the possible reasons not to grant the discharge as (1) an extension has been ordered by the court pursuant to subdivision (i); (2) the failure to hold the trial is attributable to the accused, a codefendant or their counsel; (3) the accused is unavailable for trial; or (4) the demand is invalid. In the present case the trial judge struck Mr. Mainwaring’s speedy trial documents because he deemed the accused to be unavailable for trial.
This is not the first time this scenario has been presented to the appellate courts of this state. In Pilgrim v. Swanson, 558 So.2d 176 (Fla. 2d DCA 1990), virtually the same facts led our sister court in the Second District to describe two lines of cases applying the speedy trial rule to multiple county scenarios. It summed up by saying that:
On the one hand, if a defendant is charged in one county but incarcerated in another without the knowledge of the first county, no knowledge is imputed to the first county. Therefore, the defendant is considered “unavailable” for trial in the first county within the meaning of rule 3.191(e), Florida Rules of Criminal Procedure. See State v. Rasul, 468 So.2d 1088 (Fla. 2d DCA 1985); Garnett v. State, 457 So.2d 1144 (Fla. 3d DCA 1984); Singleton v. Gross, 436 So.2d 132 (Fla. 3d DCA 1983).
On the other hand, if the charging county has knowledge that the defendant is incarcerated in another county, the defendant is not considered “unavailable” for trial in the charging county. See Walker v. State, 492 So.2d 772 (Fla. 1st DCA 1986); Tirado v. Reese, 478 So.2d 883 (Fla. 2d DCA 1985); Robbins v. State, 453 So.2d 877 (Fla. 2d DCA 1984). In all three of these cases no real effort to obtain the defendant from the place of incarceration in another county was made by the charging county. As stated in Tirado, 478 So.2d at 885, the county in that case “should have taken steps to produce him in timely fashion.”
Pilgrim, 558 So.2d at 176-177.
The Pilgrim court noted in a footnote that there might be some cases where the refusal of a county to transport a prisoner to the charging county might be justified and in which the defendant might be considered to be unavailable. Examples given by the appellate court included circumstances where the defendant might have multiple charges with trials set in one county, or was in the midst of a lengthy trial in the other county. It pointed out, however, that the facts in Pilgrim reflected nothing to indicate that the trial in the other county was “scheduled or even imminent” when the charging county issued transport orders. Pilgrim, 558 So.2d at n. 1.
Other Florida appellate courts that have considered the issue of unavailability by virtue of incarceration in another county have arrived at the same conclusions as the Pilgrim court. See, e.g., Trainer v. Broome, 666 So.2d 1019 (Fla. 4th DCA 1996); Jones v. State, 573 So.2d 185 (Fla. 1st DCA 1991). This court did so specifically in State v. Dukes, 443 So.2d 471 (Fla. 5th DCA 1984).
In the present case, there is no question but that Orange County was aware that *990 Mr. Mainwaring was being held in jail in Indian River County. The trial court issued several transportation orders, but they were apparently not honored by Indian River authorities. Indeed, the trial judge at one point during the evidentiary hearing said, “Hey, I’ve been aware of him all year. I almost went to see him at the jail when I went to the Farmer’s Market in Ft. Pierce last month.” So the question of whether Mr. Mainwaring is entitled to be discharged boils down to whether the failure to transfer him was “justified,” using the characterization made by the Pilgrim court.
The documents filed as a result of the evidentiary hearing convince us that the failure was not justified. In fact, it appears that the refusal to transfer was based more on confusion, miscommunication or administrative convenience than anything else. An affidavit of the prosecutor assigned to Mr. Mainwaring’s case in Indian River County reflects that he “ha[d] no knowledge or documents concerning the Orange County case and was never aware of any transport orders, motions demanding speedy trial or motions to discharge.” In addition, the docket from the Indian River case makes no reference whatsoever to any transport order from Orange County, and contains no indication that Mr. Mainwaring’s case was ready for trial or about to be tried. The docket, which does make reference to numerous stipulated continuances in the Indian River case, confirms Mr. Mainwaring’s testimony that he “never stepped foot into a courtroom (in Indian River County) until the day I entered my plea.”
While the Orange County Circuit Court appears to have issued numerous transport orders in this case, none was ever honored. The disposition of one of these orders is typical. On June 11, 2008, the Orange County Circuit Court ordered Mr. Main-waring to be transported to Orange County prior to July 11th for a status hearing. We note that Mr. Mainwaring filed a demand for speedy trial on June 14th, but the trial court found him unavailable. Presumably, Mr. Mainwaring’s demand for speedy trial might have at least been considered at the scheduled July 11th hearing, but he was never transported. A letter from the Orange County Sheriffs Office indicates that Indian River County would not release him for transport because he “has court on 7/16/08 in their county.” That court event was, however, cancelled.
At no time was the trial court asked to order an extension of the time periods provided under rule 3.191 for exceptional circumstances, as authorized by subdivision (i). See Dukes, 443 So.2d at 473. At no time did the State seek judicial intervention in Indian River County. This inaction is of particular importance because there was no demand for speedy trial ever made by Mr. Mainwaring in Indian River County, and thus there was no danger that the speedy trial time would elapse in that jurisdiction. Surely the judge in Indian River County would have directed that Mr. Mainwaring be sent to Orange County if he or she had been made aware of the circumstances. In the final reckoning Mr. Mainwaring was not transported to Orange County until many months after his right to a speedy trial had expired.
We do not believe that the failed communications between the two counties involved in this case trump the properly invoked speedy trial rights of the petitioner guaranteed by the sixth amendment to the United States Constitution. We have specifically held in a similar case that “the time for trial is not interrupted merely because the defendant is incarcerated elsewhere in the state during the speedy trial period and such incarceration does not preclude him from asserting his speedy *991 trial rights.” See Dukes, 443 So.2d at 473. The bare refusal of one county to transport an accused person to another county where the speedy trial time is running is ordinarily not sufficient to establish that the accused is “unavailable” for trial. Thus, while we conclude that the incarceration of an accused person in one county does not automatically make him or her “available” for trial in another county, we also note that the accused may, in fact, be “unavailable” if there are legitimate reasons associated with the incarceration and prosecution that render it impractical to transport him or her to the requesting county.
In the present case we can find no “justified” reason for the failure to transport the petitioner to Orange County. We do not point the finger of blame on either county for the lack of communication evident on the face of this record. We likewise do not suggest that some nefarious plan was afoot to deny Mr. Mainwaring a speedy trial. We do suggest, however, that the lines of communication between these jurisdictions need to be fully examined in the near future in order to minimize the possibility of future speedy trial violations.
Accordingly, we grant the petition for writ of prohibition and remand this case to the Ninth Judicial Circuit Court In and For Orange County for discharge of the criminal charges that are the subject of the present case.
PETITION GRANTED.
TORPY, J., concurs.
GRIFFIN, J., concurs specially, with opinion.

. Curiously, Mr. Mainwaring pleaded guilty to the Indian River charges and is now serving prison time in the custody of the Florida Department of Corrections.