909 So.2d 349 (2005)
Jose Maria MENCOS, Appellant,
v.
STATE of Florida, Appellee.
No. 4D03-4003.
District Court of Appeal of Florida, Fourth District.
July 20, 2005.
Rehearing Denied September 14, 2005.
*350 Carey Haughwout, Public Defender, Jeffrey N. Golant and Patrick B. Burke, Assistant Public Defenders, West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Claudine M. LaFrance, Assistant Attorney General, West Palm Beach, for appellee.
STEVENSON, C.J.
The appellant, Jose Maria Mencos, was tried by a jury and convicted of committing lewd or lascivious molestation on a victim under the age of twelve, battery on a law enforcement officer, resisting an officer with violence, and resisting an officer without violence. We affirm.
During the trial, the State introduced several statements by the child victim, J.A., which were objected to by the defense on hearsay grounds. Officer Hurley testified that she responded to a 911 call regarding lewd and lascivious conduct at the Mencos household. Upon arrival, Hurley spoke to J.A.'s mother and sister. J.A.'s mother stated that she heard J.A. yell "stop" and then was told by J.A. that her step-father touched her in her private area. Officer Hurley spoke to J.A. During their four or five minute conversation, J.A. told Hurley that Mencos touched her private area over her clothing. Detective Hall, another officer to arrive at the scene, testified that, while outside the house, he heard J.A. tell her mother that Mencos reached under her shorts and touched her vagina.
On appeal, Mencos argues, on the basis of Crawford v. Washington, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004), that the trial court erred in allowing Officer Hurley and Detective Hall to testify to J.A.'s statements because Mencos did not have the opportunity to cross-examine J.A. *351 as she did not testify at trial.[1] In Crawford, the United States Supreme Court held that the confrontation clause of the Sixth Amendment excludes from evidence any out of court, testimonial statements unless the witness is found to be unavailable and the defense is provided a prior opportunity for cross-examination. See 541 U.S. at 68, 124 S.Ct. 1354.
We find that Mencos' Crawford objection was not properly preserved for appellate review. At trial, counsel for Mencos did not assert a Sixth Amendment challenge, but, instead, raised a hearsay objection. Mencos never argued that use of this hearsay evidence would violate his constitutional right to confront the witness against him. On appeal, Mencos asserts that this court, nevertheless, is able to consider the Sixth Amendment challenge because the "hearsay objection is closely related to the right of confrontation." Closely related is not the standard followed by the court. See Castro v. State, 791 So.2d 1114 (Fla. 4th DCA 2000) (stating that the defendant's claim was not preserved because the argument on appeal was different than the argument at trial). The right of confrontation guaranteed by the Sixth Amendment "differs from the kind of protection that is afforded by state evidence rules governing the admission of hearsay." Lopez v. State, 888 So.2d 693, 697 (Fla. 1st DCA 2004). An objection specifically based on Crawford serves to focus the trial court's attention on the salient inquiry required by that decision, i.e., whether the evidence is "testimonial," whether the witness is "unavailable," and whether there was a "prior opportunity for cross-examination." Crawford, 541 U.S. at 68, 124 S.Ct. 1354. Furthermore, even if the issue was preserved, we find "testimonial" only those statements J.A. made to Officer Hurley in response to questions at the scene, see Lopez, 888 So.2d at 700. In the context of this case, the admission of that evidence was harmless. See State v. DiGuilio, 491 So.2d 1129, 1139 (Fla.1986) (stating the focus of a harmless error analysis is whether the error affected the verdict). J.A.'s statements to her mother regarding the sexual abuse, as overheard by Detective Hall, were non-testimonial and therefore could be relayed in court without violating the confrontation clause. See Herrera-Vega v. State, 888 So.2d 66 (Fla. 5th DCA 2004) (refusing to apply Crawford exclusion to statements made by a child victim to her mother and father about sexual contact with the defendant, concluding that such statements did not qualify as being testimonial), review denied, 902 So.2d 790 (Fla.2005).
We have considered the other issues on appeal and find no error. Accordingly, the convictions and sentences on review are affirmed.
Affirmed.
SHAHOOD and GROSS, JJ., concur.
PER CURIAM.

ON MOTION FOR REHEARING
We deny appellants motion for rehearing, but write to discuss one issue raised therein. In our original opinion, we indicated that Mencos did not preserve his Crawford[1] objection for appellate review. See Mencos v. State, No. 4D03-4003, 909 So.2d 349, 2005 WL 1680166 (Fla. 4th DCA July 20, 2005). As Mencos points out, he could not have specifically objected based on Crawford because the Supreme Court issued its ruling after Mencos trial. Nevertheless, *352 as Justice Scalia discussed, arguments predicated on the right to confrontation have been made in cases throughout this nation's history. See Crawford, 541 U.S. at 49-50, 124 S.Ct. 1354. Mencos asserted on appeal and in his motion for rehearing that due to Evans v. State, 838 So.2d 1090 (Fla.2002), cert. denied, 540 U.S. 846, 124 S.Ct. 121, 157 L.Ed.2d 84 (2003), this court could consider his Sixth Amendment challenge since the hearsay objection raised was closely related to the right of confrontation.
In Evans, the Supreme Court of Florida decided, on the merits, whether the defendant's Sixth Amendment right to confrontation was violated by the admission of hearsay statements. The court noted that "[a]lthough Evans' counsel did not specifically assert a Sixth Amendment challenge, the hearsay objection raised is closely related to the right of confrontation." Id. at 1097 n. 5. Although the opinion does not contain the precise arguments made, according to the appellee's brief submitted in that case, defense counsel argued, "`[t]his is just plain hearsay,' and `[i]f they want to establish this sort of stuff they need to have somebody testify to it. . . .' (R 2225)." Brief of Appellee at 34-35, Evans v. State, 838 So.2d 1090 (Fla.2002), cert. denied, 540 U.S. 846, 124 S.Ct. 121, 157 L.Ed.2d 84 (2003). In contrast, Mencos' attorney argued at trial that the State could not prove the child victim's unavailability and the trial court could neither corroborate her statements nor determine their reliability. Hence, we find that Mencos' hearsay objection is distinguishable from the one made in Evans. Accordingly, the conviction is AFFIRMED.
STEVENSON, C.J., SHAHOOD and GROSS, JJ., concur.
NOTES
[1] The child victim was in Colombia, South America, and the trial court properly found that she was "unavailable."
[1] Crawford v. Washington, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004).