938 So.2d 542 (2006)
WILLIAM RANDALL, Appellant,
v.
STATE OF FLORIDA, Appellee.
Case No. 1D05-2985.
District Court of Appeal of Florida, First District.
Opinion filed August 8, 2006.
Nancy A. Daniels, Public Defender, and Glenna Joyce Reeves, Assistant Public Defender, Tallahassee, for Appellant.
Charles J. Crist, Jr., Attorney General, and Sheron Wells, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
Appellant Randall raises five issues in this appeal of his first-degree murder conviction and life sentence. We affirm.
Randall first argues the trial court erred when it denied his request to strike the jury panel. During voir dire, Randall moved the trial court to strike the jury panel. The trial court denied the motion. Jury selection continued and Randall, without renewing his motion, accepted the jury. By failing to renew his motion before the jury was sworn, Randall failed to preserve his motion. See Berry v. State, 792 So. 2d 611 (Fla. 4th DCA 2001) (treating defendant's motion for mistrial as motion to strike jury panel and finding defendant failed to preserve motion by not renewing it before jury was sworn); see also Joiner v. State, 618 So. 2d 174, 176 (Fla. 1993) ("We agree with the district court that counsel's action in accepting the jury led to a reasonable assumption that he had abandoned, for whatever reason, his earlier objection. It is reasonable to conclude that events occurring subsequent to his objection caused him to be satisfied with the jury about to be sworn.").
Randall also argues that the introduction of the victim's dying declaration violated his Sixth Amendment confrontation right. Although Randall properly objected to the introduction of the statement on hearsay grounds, he never raised the confrontation argument at trial. As a result, Randall also waived this argument on appeal. See Perry v. State, 927 So. 2d 228, 288 (Fla. 1st DCA 2006) ("A simple `hearsay' objection fails to preserve the argument that one's Sixth Amendment confrontation right has been violated."); see also Mencos v. State, 909 So. 2d 349, 351 (Fla. 4th DCA 2005) ("The right of confrontation guaranteed by the Sixth Amendment `differs from the kind of protection that is afforded by state evidence rules governing the admission of hearsay.'" (quoting Lopez v. State, 888 So. 2d 693, 697 (Fla 1st DCA 2004))).
Randall's third argument concerns remarks made by the prosecutor during closing arguments. Randall concedes that he failed to properly object to the comments at trial, but argues the comments constitute fundamental error. For improper comments, made during closing argument, to rise to the level of fundamental error, the comments must be "egregious." See Cherry v. Moore, 829 So. 2d 873, 882 (Fla. 2002). We find no merit in Randall's argument on this issue.
Randall's next argument concerns the trial court allowing the State, when cross-examining Randall, to elicit the fact that he had just returned home from prison. Randall opened the door to this testimony when he testified that the reason he was not out looking for the real killer was because he had "just come home." See Washington v. State, 758 So. 2d 1148, 1155 (Fla. 4th DCA 2000) (explaining that a witness opens the door to prior bad acts when he offers misleading testimony or makes a specific factual claim that the State has a right to correct so that the jury will not be confused). Further, the fact that Randall was a convicted felon was introduced into evidence at least three other times, twice by the defense. Even in the absence of the question on cross-examination, the jury was well aware of the fact that Randall served time in jail. See Salter v. State, 500 So. 2d 184, 186 (Fla. 1st DCA 1986) ("An error in admitting testimony is harmless when substantially the same evidence was presented to the jury through the testimony of other witnesses.").
Randall's final argument claims that the trial court violated his right to a speedy trial. Defense counsel, despite Randall's expressions to the contrary, requested and received a continuance during a pre-trial conference. Accordingly, Randall's right to a speedy trial was waived. See State v. Riechmann, 777 So. 2d 342, 365 (Fla. 2000) (finding a criminal defendant waives his right to a speedy trial when he takes a continuance). This waiver applies even in situations in which the attorney requests the continuance without consulting the defendant or against the defendant's wishes. See Taylor v. State, 557 So. 2d 138, 142 (Fla. 1st DCA 1990), overruled on other grounds, ("Taylor's constitutional right to a speedy trial was not violated because the trial extension was reasonable and necessary to protect his right to competent, adequately prepared counsel."); State v. Kruger, 615 So. 2d 757, 759 (Fla. 4th DCA 1993) ("`The principle is well established that the right to a speedy trial is waived when the defendant or his attorney requests a continuance. The acts of an attorney on behalf of a client will be binding on the client even though done without consulting him and even against the client's wishes.'" (quoting State v. Abrams, 350 So. 2d 1104, 1105 (Fla. 4th DCA 1977))); see also State v. Kelley, 322 So. 2d 581, 583 (Fla. 1975) (finding that an attorney may waive his client's right to a speedy trial).
Finally, we note that even had Randall succeeded on one or more of his arguments, we would still affirm as the evidence of guilt was overwhelming and, consequently, any error would have had no perceptible effect on the jury's deliberations, given the circumstances of the actual crime. See State v. DiGuilio, 491 So. 2d 1129, 1138 (Fla. 1986) ("The harmless error test, as set forth in Chapman [v. California, 386 U.S. 18, 24 (1967),] and progeny, places the burden on the state, as the beneficiary of the error, to prove beyond a reasonable doubt that the error complained of did not contribute to the verdict or, alternatively stated, that there is no reasonable possibility that the error contributed to the conviction.").
AFFIRMED.
KAHN, C.J., WEBSTER and HAWKES, JJ., CONCUR.
NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING AND DISPOSITION THEREOF IF FILED.