[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

————————————————

No. 22-11966

Non-Argument Calendar

————————————————

PAUL JOHNSON,

Petitioner-Appellant,

*versus*

SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS,

Respondent-Appellee.

————————————————

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:19-cv-25143-AMC

————————————————

Before ROSENBAUM, NEWSOM, and GRANT, Circuit Judges.

PER CURIAM:

Paul Johnson, a state prisoner proceeding *pro se*, appeals the denial of his 28 U.S.C. § 2254 petition for a writ of habeas corpus. We granted a certificate of appealability to review whether the district court erred in finding that Johnson's federal due-process claim, alleging a denial of meaningful review on direct appeal because of missing transcripts, was unexhausted and procedurally barred since it was not raised on direct appeal of his convictions. After careful review, we hold that the due-process claim was not available to Johnson during his direct appeal, and that he properly exhausted the claim by raising it in his first postconviction motion under Fla. R. Crim. P. 3.850. Still, though, Johnson cannot succeed on the merits of his § 2254 petition because the state courts reasonably rejected his due-process claim. So we affirm.

## I.

In January 2014, state prosecutors initiated two cases against Johnson, a youth tennis coach, charging him with felony sex offenses involving two minors under 16. Ultimately, he faced two counts as to minor S.R., and three counts as to minor J.A.

From the time of his arrest until a *Faretta*[1] hearing just before trial, Johnson was represented by counsel—first by a public defender and then by private attorney Elio Vazquez. As the cases progressed, defense counsel agreed to or acquiesced in numerous continuances granted by the trial court. But in September 2015, Johnson filed *pro se* motions invoking his state speedy-trial rights, which Vazquez declined to adopt, citing the need to wait for DNA testing results. After the DNA results came back, Johnson filed another *pro se* demand for a speedy trial, which Vazquez again did not adopt. The trial court set trial for January 2016 and said there would be no further continuances. After two additional continuances and another *pro se* speedy-trial motion from Johnson, which was stricken, trial was set to go forward on February 9, 2016.

Just before trial, Johnson filed a *pro se* motion to discharge Vazquez, citing "problems" with "some things that were done." The trial court warned Johnson that no continuances would be permitted, so he must be ready to proceed on his own. After a hearing, the trial court discharged Vazquez and appointed a public defender to serve as standby counsel. Once *pro se*, Johnson declined to refile his motions for speedy trial. The court then denied his request for a continuance, noting his repeated protestations that he was ready for trial, and the parties proceeded to jury selection.

---

[1] *Faretta v. California*, 422 U.S. 806, 834–35 (1975) (recognizing a right of self-representation so long as the defendant knowingly and intelligently waives the right to counsel and its associated benefits).

The next day, February 10, 2016, in lieu of starting trial, Johnson chose to plead guilty to all five counts in both cases, reserving the right to appeal issues related to his speedy-trial rights. The trial court sentenced him to ten years on each count, to run concurrently.

Johnson appealed, and the public defender was appointed to represent him. In September 2016, defense counsel filed a notice stating the judicial acts to be reviewed and designating eight transcripts to be prepared. An amended notice in late October 2016 designated six additional transcripts. Not long after, the public defender was discharged upon Johnson's request, and Johnson proceeded *pro se* on appeal.

On December 27, 2016, the clerk filed a notice instructing the parties that various hearing transcripts had not been received. Johnson filed a motion requesting that the missing transcripts be supplemented in the record on appeal, which the appellate court granted as to five transcripts—September 24, 2015; October 1, 2015; December 18, 2015; January 29, 2016; February 9, 2016; and February 10, 2016—apparently omitting transcripts designated only in the October 2016 amended notice.

In September 2017, Johnson filed an appellate brief arguing that his conviction should be vacated because his federal constitutional right to a speedy trial was violated by the state's lack of diligence in bringing him to trial. After filing his brief, Johnson filed a letter notifying the appellate court that five outstanding transcripts were missing from the record—from January 17, 2014; October 3,

2014; May 21, 2015; June 1, 2015; and October 2, 2015. The state filed its answer brief, and the Third District Court of Appeal affirmed the judgment in a per curiam decision.

Johnson timely moved for rehearing, arguing that the court erred by overlooking his letter about the missing transcripts and deciding the appeal on an incomplete record. The appellate court denied rehearing, and the mandate issued.

Johnson next filed a *pro se* motion for postconviction relief under Fla. R. Crim. P. 3.850 and a supporting memorandum of law. He asserted that the state court's rejection of his speedy-trial claim was an unreasonable application of clearly established federal law, and that the state violated his Fourteenth Amendment right to due process by failing to provide an adequate record for his direct appeal. He also contended his counsel rendered ineffective assistance by agreeing to continuances and failing to assert his speedy-trial rights.

The state postconviction court denied the Rule 3.850 motion in a short order. The court concluded that Johnson's "speedy trial rights were waived by his Counsel and that decision is binding on the defendant even if he was not consulted or it was against his wishes," and that he could not "couch issues denied on direct appeal as claims of ineffective assistance of counsel." The court did not expressly address the due process claim. The Third District Court of Appeal affirmed that decision and denied rehearing, and the Florida Supreme Court denied review.

**II.**

Next, Johnson filed a habeas petition challenging his convictions in federal court under 28 U.S.C. § 2254.  In his first ground for relief (Claim 1), he contended that the state violated his due-process right to meaningful appellate review by failing to provide an adequate record for his direct appeal.  He also asserted multiple claims of ineffective assistance against trial counsel for obtaining continuances without his consent and for failing to assert his speedy-trial rights.  In response, the state contended, in relevant part, that Claim 1 was unexhausted because Johnson failed to raise a federal claim on direct appeal.

The district court found that Johnson "raised Claim 1 on direct appeal but nevertheless failed to exhaust Claim 1 because he did not fairly present the federal nature of Claim 1 in the state forum."  The court explained that, while Johnson raised the substance of his missing-transcripts argument on direct appeal, he failed to alert the court to the federal nature of the claim, instead raising the issue "only as a violation of Rule 9.200(f)(2) of the Florida Rules of Appellate Procedure."  In the court's view, the federal claim was unexhausted, and therefore procedurally defaulted, because it could have been raised on direct appeal but was not.  The district court dismissed one other claim as unexhausted, denied the remainder of the § 2254 petition, and denied a certificate of appealability ("COA").

Johnson appealed, and we granted a COA, stating that reasonable jurists would debate "[w]hether the district court erred by

finding that [Claim] 1 of Johnson's 28 U.S.C. § 2254 petition was procedurally barred?"

### III.

When reviewing the district court's denial of a habeas petition, we review questions of law and mixed questions of law and fact *de novo*, and any findings of fact for clear error. *Nyland v. Moore*, 216 F.3d 1264, 1266 (11th Cir. 2000). We review *de novo* whether a habeas petitioner is procedurally barred from raising a claim in federal court. *Kelley v. Sec'y for Dep't of Corr.*, 377 F.3d 1317, 1345 (11th Cir. 2004).

Before bringing a habeas action in federal court, a petitioner must exhaust all state court remedies that are available for challenging his conviction, either on direct appeal or in a state postconviction motion. 28 U.S.C. § 2254(b), (c). The exhaustion requirement is not jurisdictional and may be waived by the state. 28 U.S.C. § 2254(b)(2) & (3); *Thompson v. Wainwright*, 714 F.2d 1495, 1502 (11th Cir. 1983). The state has not waived exhaustion here.

Ordinarily, habeas petitioners "cannot raise claims in federal court if those claims were not first exhausted in state court." *McNair v. Campbell*, 416 F.3d 1291, 1302 (11th Cir. 2005). To be exhausted, "a federal claim must be fairly presented to the state courts," *id.*, so that the state has "the opportunity to pass upon and correct alleged violations of its prisoners' federal rights," *Snowden v. Singletary*, 135 F.3d 732, 735 (11th Cir. 1998) (cleaned up). "In the process of exhausting a claim, the petitioner must comply with all 'independent and adequate' state procedures, or else the petitioner

will have procedurally defaulted on that claim." *Mason v. Allen*, 605 F.3d 1114, 1119 (11th Cir. 2010). Habeas petitioners "can escape the exhaustion requirement only by showing cause for the default and actual prejudice resulting therefrom, or by establishing a fundamental miscarriage of justice." *Kelley*, 377 F.3d at 1345.

Johnson claims that the state violated his federal due-process right to meaningful appellate review because he was not provided, and the appellate court did not review, several transcripts on direct review of his convictions.

Where a state provides "direct appellate review of convictions," it must "also provide[] a court reporter and transcript in order to allow for review to be meaningful." *Bush v. Sec'y, Fla. Dep't of Corr.*, 888 F.3d 1188, 1195 (11th Cir. 2018); *see Entsminger v. State of Iowa*, 386 U.S. 748, 751–52 (1967) (holding that states are required to make transcripts available to indigent defendants to ensure adequate and effective appellate review). Because a trial transcript "might be critical to reviewing for alleged trial-court errors[,] affirming a conviction without one might be arbitrary," requiring vacatur of the conviction. *Bush*, 888 F.3d at 1195–96. That is, "affirming a conviction on direct appeal notwithstanding the absence of portions of the trial transcript essential to meaningful appellate review of trial-judge error could deny the defendant procedural due process of law." *Id.* at 1197. But missing transcripts do not violate due process if meaningful review is still possible. *See id* at 1196–97.

Here, the district court erred in finding that Johnson failed to exhaust his federal due-process claim. As Johnson points out, he

fairly presented that claim in his postconviction motion under Rule 3.850. And apart from the issue below, there has been no suggestion that Johnson otherwise failed to exhaust state remedies available to him.

The district court reasoned, however, that the federal due-process claim "could have been raised on direct appeal but w[as] not," so it was "considered abandoned and procedurally barred from collateral review" under Florida law, citing our decision in *Sullivan v. Wainwright*, 695 F.2d 1306 (11th Cir. 1983). But in *Sullivan*, the state court itself applied the procedural bar. *See id*. at 1310 & nn. 4, 6. Nothing similar occurred here. The state postconviction court denied the speedy-trial claim on the merits without addressing the related due-process claim, and the appellate court's affirmance was similarly silent.[2] Thus, the record does not show that "the state court declined to consider the constitutional claim[] because of valid state procedural rules." *Id*. at 1310. And "usually a procedural default bars the consideration of the merits of an issue in federal court only when the state court itself applies the procedural default rule." *Snowden*, 135 F.3d at 737 (cleaned up).

We also cannot say that a federal due-process claim was available to Johnson on direct appeal of his convictions and so

---

[2] In conducting our review, we "look through" the state appellate court's unexplained decision "to the last related state-court decision that does provide a relevant rationale"—the state postconviction court's denial of Johnson's Rule 3.850 motion—and "presume that the unexplained decision adopted the same reasoning." *Wilson v. Sellers*, 584 U.S. ___, 138 S. Ct. 1188, 1192 (2018).

should have been raised. A "procedural due process claim is not complete when the deprivation occurs," but rather "only when the [s]tate fails to provide due process." *Reed v. Goertz*, 598 U.S. 230, 236 (2023) (cleaned up). And, as we recognized in *Bush*, the failure to provide due process arises from "*affirming a conviction* on direct appeal notwithstanding the absence of portions of the trial transcript essential to meaningful appellate review." *Bush*, 888 F.3d at 1197 (emphasis added). What's considered "essential" will depend in part on the grounds for the appellate court's ruling. It follows that Johnson's federal due-process claim was not available until the appellate court affirmed his conviction, at the earliest. *See Reed*, 598 U.S. at 236. While Johnson may have had grounds to object to the missing transcripts under Florida appellate rules, any federal due-process claim would have been premature. Accordingly, Johnson did not abandon the claim by failing to raise it on direct appeal.

So as to the question specified in our COA, we conclude that the district court erred in finding that Johnson's due-process claim was procedurally barred.

## IV.

That said, we affirm the denial of Johnson's § 2254 petition. That's because Johnson has not made any showing that the missing transcripts were essential to meaningful review of his argument that his speedy-trial rights were violated.[3] He has not identified the

---

[3] Although the issue specified in the COA is procedural, the COA incorporated the underlying substance of the claim as well. *See Spencer v. United States*, 773 F.3d 1132, 1138 (11th Cir. 2014) ("Even when a prisoner seeks to appeal a

22-11966                Opinion of the Court                11

possible contents of the missing transcripts or suggested how they might have affected the result of his direct appeal. And the mere failure to compile and make available the complete record does not alone establish a due-process violation. *See Bush*, 888 F.3d at 1197 (noting that "there may also be instances in which meaningful review can be conducted without a trial transcript").

Nor does the record provide reason to believe that the absence of these transcripts—from January 17, 2014; October 3, 2014; May 21, 2015; June 1, 2015; and October 2, 2015—prevented adequate and effective review of Johnson's convictions. Johnson's filings do not indicate that these transcripts would reveal some decision or insight not otherwise reflected in the record. While the transcripts may reflect continuances, even continuances requested by his attorney without consulting Johnson or against his wishes, the record is otherwise undisputed regarding when continuances were granted and who requested them. And Florida caselaw is clear that a waiver of speedy-trial rights "applies even in situations in which the attorney requests the continuance without consulting the defendant or against the defendant's wishes." *Randall v. State*, 938 So.2d 542 (Fla. 1st DCA 2006). Johnson does not explain, and we fail to see, how the missing transcripts would have aided in identifying or establishing errors in his case.

---

procedural error, the certificate must specify the underlying constitutional issue."). And we may affirm on any ground supported by the record. *See Beeman v. United States*, 871 F.3d 1215, 1221 (11th Cir. 2017).

Although the state postconviction court did not expressly address Johnson's due-process argument, it implicitly rejected that claim by denying the speedy-trial claim on the merits, and so we likewise "must presume that the federal claim was adjudicated on the merits." *Johnson v. Williams*, 568 U.S. 289, 300 (2013). The presumption has not been rebutted here, since it's reasonable to infer from the state court's blanket rejection of Johnson's speedy-trial claim that it viewed the missing transcripts as harmless, not that it overlooked the due-process argument. *See id.* at 300–01, 304. That means deference is owed to the state court's decision under § 2254(d), which insulates reasonable state-court decisions from federal review. *See* 28 U.S.C. § 2254(d); *Harrington v. Richter*, 562 U.S. 86, 101 (2011) ("A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision.").

For reasons we just explained, the state postconviction court reasonably rejected Johnson's contention that meaningful review on direct appeal was not possible due to the missing transcripts. Accordingly, we affirm the denial of Johnson's § 2254 habeas corpus petition.

**AFFIRMED.**